Kilbreath, Appellee, *v.* Rudy, d. b. a. Fair Park Pharmacy, et al.; Dermik Pharmacal Co., Inc., Appellant.

(No. 68-77—Decided December 11, 1968.)

*Messrs. Forrester & Kovanda* and *Mr. Ralph D. Kovanda*, for appellee.

*Messrs. Caren, Lane, Huggard, Alton & Horst* and *Mr. William L. Millard*, for appellant.

BROWN, J. Sections 2307.382 and 2307.383, Revised Code, provide for service of process and personal jurisdiction over persons who have or have had specified minimum Ohio contacts. The question in this case is whether these statutes are applicable to causes of action existing, but not filed, before their enactment. We hold that they are applicable.

It is urged that such retroactive applicability is barred by Section 28, Article II of the Ohio Constitution, which reads in part as follows:

"The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts * * *."

It is apparent from the cases, however, that this language refers to laws affecting substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure, or methods of review. *State, ex rel. Slaughter,* v. *Indus. Comm.,* 132 Ohio St. 537. Laws of a remedial nature are applicable to any proceedings conducted after the adoption of such laws. *Smith* v. *New York Central Rd. Co.,* 122 Ohio St. 45; *State, ex rel. Holdridge,* v. *Indus. Comm.,* 11 Ohio St. 2d 175; *Elder* v. *Shoffstall,* 90 Ohio St. 265.

The question then becomes whether Sections 2307.382 and 2307.383, Revised Code, are remedial and procedural or substantive. Substantive law is that which creates duties, rights and obligations, while procedural or remedial law prescribes the methods of enforcement of rights or obtaining redress. *State, ex rel. Holdridge,* v. *Indus. Comm., supra,* 178. We think that the statutes under consideration clearly fall within the definition of remedial. See *McGee* v. *International Life Ins. Co.,* 355 U. S. 220.

The appellant argues that the statutes are substantive because they impose new obligations and duties. These statutes do not create new wrongs, they merely let local courts reach farther for personal jurisdiction over those who have committed established wrongs. If appellant's actions gave rise to a cause of action, they did so at the time they were done, and the only immunity that appel-

lant could possibly have relied upon was that he was outside the jurisdiction of local courts. This kind of reliance does not seem worthy of judicial protection.

Appellant has also argued that retroactive application is prohibited by Section 1.20, Revised Code, which states:

"When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions, or proceedings, civil or criminal. When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings, unless so expressed, nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

By its own terms and by case law this statute applies only to amendments and repeals. *Gulf Refining Co.* v. *Evatt*, 148 Ohio St. 228; *Wheeling & Lake Erie Rd. Co.* v. *Toledo Ry. & Terminal Co.*, 72 Ohio St. 368. But see *Cincinnati, Hamilton & Dayton Rd. Co.* v. *Hedges*, 63 Ohio St. 339.

We are here concerned with new statutes. But even if Section 1.20, Revised Code, were applicable to the construction of the new statutes under consideration they should still be retroactive, since the later cases have read Section 1.20, Revised Code, as permitting remedial statutes to be retroactive even though they contain no express provision to that effect. *Beckman* v. *State*, 122 Ohio St. 443, 451; *Smith* v. *New York Central Rd. Co.*, *supra*; *State, ex rel. Holdridge*, v. *Indus. Comm.*, *supra*. Certain language in *Cincinnati, Hamilton & Dayton Rd. Co.* v. *Hedges, supra*, is contra, but it has been superseded by the cases above, which represent the present Ohio law on this matter. See the excellent opinion in *Bagsarian* v. *Parker Metal Co.*, 282 F. Supp. 766.

Finally, appellant argues that the nonresident motorist statutes are similar to the statutes under consideration, and that they were held to be nonretroactive in many states, including Ohio. *Schaeffer* v. *Alva West & Co.*, 53 Ohio App. 270. Appellant's analogy fails, largely because

of the changes in doctrines during the years between the construction of the nonresident motorist statute and that of the present long-arm statutes. The *Schaeffer case* was decided in 1936, and it relies entirely upon *Cincinnati, Hamilton & Dayton Rd. Co.* v. *Hedges, supra*, and upon the idea that a motorist driving through Ohio before the enactment of the statute could not have "designated" the Secretary of State as his statutory agent, as was required for effective service under the act and under the then-current doctrine of *Pennoyer* v. *Neff*, 95 U. S. 714. The consent or agency fiction in long-arm statutes has since been recognized as fiction, and consequently rendered less important. See *Nelson* v. *Miller*, 11 Ill. 2d 378, 143 N. E. 2d 673; *Bruney* v. *Little*, 8 Ohio Misc. 393; and Retroactive Expansion of State Court Jurisdiction over Persons, 63 Columbia Law Review 1105, 1114. Section 2307.383, Revised Code, unlike the nonresident motorist statute, Section 2703.20, Revised Code, and apparently in recognition of the fiction of the agency, states only that the Secretary of State shall be deemed to be the statutory agent, rather than that he shall *be* the agent.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE and SCHNEIDER, JJ., concur.

TAFT, C. J. I dissent because Sections 2307.382 and 2307.383, Revised Code, do not expressly provide that they are to affect causes of action existing at the time of their enactment. See the latter part of Section 1.20, Revised Code, beginning with the word, "nor," and *Cincinnati, Hamilton & Dayton Rd. Co.* v. *Hedges* (1900), 63 Ohio St. 339, 58 N. E. 804.

DOYLE, J., of the Ninth Appellate District, sitting for HERBERT, J.