MURPHY, APPELLANT, *v.* OHIO
DEPARTMENT OF HIGHWAY SAFETY,
APPELLEE.

(No. 10-060—Decided June 25, 1984.)

*Douglas H. Glenn,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney
general, and *Barbara Serve,* for ap-
pellee.

FORD, J. Appellant became a
registered driver training school instruc-
tor with the state of Ohio in January
1980. Appellant applied for and received
a renewed driver training school instruc-
tor's license in 1981 and 1982. In 1983,
appellant applied for a license renewal,
but the state denied its renewal.

The state of Ohio based its denial on
Ohio Adm. Code 4501-7-21(D)(6), which
became effective on December 1, 1980.
That section states:

"Any applicant involved in more
than two chargeable accidents or ac-
cumulating a record of six or more
points under Chapter 4507 of the Re-
vised Code during any consecutive two-
year period within the last six years
shall be denied an instructor's license."

Prior to this section's amendment,
the section provided that eight or more
points would mandate a denial of a
license. That version of the code was in
effect until December 1, 1980.

Four points were accumulated by
appellant on November 5, 1979. Two
points were acquired by him on January
21, 1981. The appellant has no other
pending traffic violations.

As appellant's application to renew
his license as a commercial driving in-
structor was denied by the Ohio Depart-
ment of Highway Safety, appellant re-
quested an administrative hearing. That
hearing was held on January 19, 1983.
From an adverse decision by the Ohio
Department of Highway Safety, ap-
pellant perfected an appeal to the Court
of Common Pleas of Lake County. On
August 31, 1983, the court upheld the
decision of the department. Appellant
then perfected his appeal to this court.

Appellant presents one assignment
of error:

"The trial court erred when it con-
cluded that the refusal by the Ohio
Department of Highway Safety to
renew appellant's driver training school
instructor's license was not unlawful."

Appellant's assignment of error is
without merit.

Appellant contends that the retroac-
tive application of Ohio Adm. Code
4501-7-21(D)(6) was error. This rule pro-
vides that an applicant for a driver's
training instructor's license, who has ac-

cumulated six or more points against his driver's license, will not be issued an instructor's license. Ohio Adm. Code 4501-7-26(B) states the compliance exceptions for presently licensed instructors:

"Driver training instructors whose license is current at the time these rules become effective shall not have to comply with the following rules:

"Paragraph (D)(6) of rule 4501-7-21 of the Administrative Code, 'Instructor's license,' but only with respect to an instructor who on the effective date of these rules has accumulated six points. Subsequent accumulation of points after the effective date of these rules will subject the instructor to the provisions of paragraph (D) of rule 4501-7-21 of the Administrative Code."

Appellant had only four points accumulated when the new rule came into effect in 1980. He must, therefore, comply with the present six-point requirement.

Retroactive application of this rule is not prohibited. The language in the Ohio Constitution which prohibits retroactive laws or laws impairing the obligation of contracts refers to those laws affecting substantive rights. Section 28, Article II, Ohio Constitution; *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70, at 72 [45 O.O.2d 370]. It does not refer to rules of practice, a course of procedure or methods of review. *Id.* The question then becomes whether Ohio Adm. Code 4501-7-21(D)(6) is procedural or substantive.

"'* * * Substantive law is that which creates duties, rights and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress." *Kilbreath, supra,* at 72.

The cited regulation does not create any substantive right but is merely the permissible regulation of a business. Such a licensing scheme is necessary for the public health, morals, comfort, order, safety or welfare. *In re Adoption of Rules and Regulations Relative to Driver Training Schools* (C.P. 1958), 82 Ohio Law Abs. 324 [12 O.O.2d 476]. A license is not a contract nor does it constitute property in a constitutional sense. *Shady Acres Nursing Home, Inc.* v. *Canary* (1973), 39 Ohio App. 2d 47, at 50 [68 O.O.2d 210]. Thus, the retroactive application of Ohio Adm. Code 4501-7-21(D)(6) is proper.

The exclusion of those instructors already accumulating six points from this new rule does not result in the unfair treatment of other instructors. Those instructors with six points on the effective date of the regulation were, in essence, permitted to accumulate points once more before their license was revoked. Ohio Adm. Code 4501-7-26(B). The same was true of those instructors in appellant's position. They, too, were permitted one more violation before their instructor permits were revoked or renewal was denied. Thus, appellant fails to show any discriminatory effect.

A change in a course of procedure or practice may be applied retroactively. *Kilbreath, supra.* As appellant was not vested with any substantive right, retroactive application of Ohio Adm. Code 4501-7-21(D)(6) was lawful. The lower court's decision is affirmed.

*Judgment affirmed.*

COOK, P.J., and DAHLING, J., concur.