OVERBEE, N.K.A. COMBS, APPELLEE, *v.* OVERBEE, APPELLANT.

(No. C-850390 — Decided April 16, 1986.)

*Nichols, Speidel & Nichols* and *Thomas H. Flessa,* for appellee.
*Derek Gustafson,* for appellant.

HILDEBRANDT, J.  The issue in this appeal is whether the court below had jurisdiction over the parties and their minor children so as to determine custody and child support. The record reflects that on October 11, 1977 the appellee, Gayle Lynn Overbee ("wife"), filed a complaint for divorce in the court below seeking, *inter alia,* a divorce from the appellant, Phillip Gregory Overbee, Sr. ("husband"), alimony, a division of property, custody of the parties' two minor children,[1] and child support. The husband was served with the complaint and summons in Georgetown, Kentucky on October 13, 1977.

A decree of divorce was placed of record on December 9, 1977 in which the wife was granted a divorce from the husband and custody of the minor children. The court ordered the husband to pay child support to the wife in the amount of $25 per week per child, effective December 11, 1977. The decree journalized an arrearage of $250.

_____

[1] The children remain minors as of this writing.

On November 16, 1983, the husband filed a motion in which he requested the trial court to dismiss *nunc pro tunc* any accumulation of child support arrearages and to terminate all further orders of child support, because the court lacked jurisdiction to make such an order at the time of the divorce. On February 14, 1984, the wife filed a motion for a lump sum judgment for the unpaid child support.

The motions generated the referee's report of November 14, 1984 in which the referee found: "By agreement of counsel, both motions were submitted for findings' and recommendations by memoranda and arguments of counsel. No testimony was presented."[2] She further found that: (1) the parties were married on February 3, 1973 in the state of Kentucky and two children were born as issue of the marriage; (2) the parties were residing in Ohio when they separated in the fall of 1976 when the husband moved to Georgetown, Kentucky; (3) pursuant to a military assignment, the wife relocated to the state of Georgia, leaving the children in the physical custody of her parents in Cincinnati, Ohio; (4) in August 1977, the husband removed the children from Ohio to Kentucky; (5) in October 1977, the wife filed the complaint for divorce with service upon the husband as described above; (6) thereafter, the husband filed a petition for dissolution of marriage in Scott County, Kentucky and moved in that court for temporary custody of the children; (7) on December 9, 1977, the Hamilton County, Ohio divorce decree, with the provisions heretofore described, was placed of record; (8) the Scott County Circuit Court granted temporary custody to the husband on December 22, 1977; (9) in December 1977, the parties appeared before the Scott County Circuit Court; (10) the Scott County Circuit Court denied the wife's motion to dismiss the husband's petition for dissolution, but granted full faith and credit to the instant divorce decree, finding that although the wife had legal and technical custody, the husband had physical custody of the children; (11) the circuit court further found that it had jurisdiction to decide custody of the children; (12) after a hearing before a special commissioner on February 17, 1978, the circuit court made an order of joint custody to the parties and decided that neither party would pay support to the other; (13) the circuit court order pertaining to custody and support was not journalized until October 22, 1983; (14) the husband did not contest that the Hamilton County Court of Domestic Relations had jurisdiction to grant the instant divorce, but argued that that court lacked jurisdiction over him and the children for the reason that they were in Kentucky; (15) the Scott County Circuit Court had ruled that "[t]he Ohio decree on its fac[e] appears to have personal jurisdiction and hence is not subject to collateral attack and this court will give full faith and credit to that divorce decree and its orders granting the respondent custody and the applicable orders granting support and visitation"; (16) the circuit court further ruled that "Kentucky had jurisdiction to decide the custody matter of the children of the parties"; (17) Hamilton County had jurisdiction over the husband and the children and the Kentucky court erred when it substituted its rulings concerning custody and child support; (18) the parties, through counsel, represented that since 1978 the children had resided primarily with the wife or her family; and (19) the husband was in arrears in child support in the amount of $18,250 as of November 2, 1984, including the arrearage journalized by the decree.

The referee recommended that the

[2] This procedure was not cited as an objection below, nor is it presented as an assignment of error before this court.

husband's motion be overruled concerning past and future child support. She further recommended that the wife be granted a lump sum judgment in the amount of $18,000, but that the wife could not execute such judgment for a period of sixty days or for so long as the husband paid child support of $25 per week, per child, plus $10 on the arrearage.[3]

Each party filed objections to the referee's report. Those objections were heard by a judge of the court below, who found that the court did have jurisdiction over the minor children of the parties as to custody and support. He further remanded the matter to the referee to determine what, if any, credit concerning support was due to the husband for the time that the children were in his physical custody.

From that judgment, the husband brings this timely appeal in which he asserts in a solitary assignment of error that the trial court erred in denying his motion to dismiss the accumulated child support arrearages and in granting the wife's motion for a lump sum judgment. For the reasons that follow, we find the assignment of error to be without merit.

In support of his assignment of error, the husband first argues that even if he was properly served with process, the court did not acquire personal jurisdiction over him because at the time of the divorce proceedings in the court below, he was not a resident of Ohio. The argument fails because, as found by the referee, the parties were residing in Ohio prior to their separation in 1976 when the husband moved to Kentucky. Civ. R. 4.3 provides in pertinent part:

"(A) When service permitted. Service of process may be made outside of this state, as provided herein, in any action in this state, upon a person who at

the time of service of process is a nonresident of this state or is a resident of this state who is absent from this state. The term 'person' includes an individual, * * * who, acting directly or by an agent, has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

"* * *

"(8) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state."

The husband next urges that the trial court lacked jurisdiction to decide the issue of custody because the wife did not file a custody affidavit with the court below at the time of the divorce proceedings. Effective October 25, 1977, Ohio enacted the Uniform Child Custody Jurisdiction Act, R.C. 3109.21 through 3109.37. R.C. 3109.27 reads in part:

"(A) Every party in a custody proceeding, in his first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall also include all of the following information:

"(1) Whether the party has participated as a party, witness, or in any other capacity in any other litigation concerning the custody of the same child in this or any other state;

"(2) Whether the party has information of any custody proceeding concerning the child pending in a court of this or any other state;

"(3) Whether the party knows of any person not a party to the proceedings who has physical custody of the

---

[3] We assume that the referee intended a weekly payment of $10 towards the arrearage.

child or claims to have custody or visitation rights with respect to the child."

The effective date of R.C. 3109.27 was fourteen days after the wife filed her divorce complaint. The husband argues that the law is procedural or remedial in nature and that it therefore should be applied retroactively to the cause *sub judice*. We perceive that R.C. 3109.27 is clearly substantive because it concerns jurisdiction in that it affects a court's ability to determine custody and support. We therefore conclude that the statute should not have retroactive application. See *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70, 45 O.O.2d 370, 242 N.E.2d 658, the first paragraph of the syllabus of which holds:

"Section 28, Article II of the Ohio Constitution prohibiting the passage of retroactive laws, has application to laws affecting substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or methods of review." (Citation omitted.)

We also find the holding of the Supreme Court of New York, Appellate Division, in *Wilke* v. *Wilke* (1980), 73 App. Div. 2d 915, 423 N.Y. Supp. 2d 249, to be compelling. There, the court determined that the Uniform Child Custody Jurisdiction Act may not be applied retroactively. *Id.* at 917-918, 423 N.Y. Supp. 2d at 252.

Last, the husband relies upon R.C. 3109.25(A)[4] to advance his contention that since the parties agreed to proceed on matters relating to custody and support in Kentucky, the court below should have declined to take jurisdiction of those matters. We cannot discern to what point in the proceedings below the husband refers. We do not understand him to assert that the court below should not have decided custody and support because of the proceedings in Kentucky, because the Hamilton County decree was placed of record two months *prior* to the Kentucky hearing on those issues.

In the event the husband is arguing that the court below should not have addressed the issues of the arrearage and lump sum judgment, that contention is feckless for two reasons. First, the husband enlisted the court's continuing jurisdiction on those issues by his motion to dismiss the arrearages. Second, R.C. 3109.25 likewise concerns jurisdiction. Accordingly, we conclude, as we did during our discussion of R.C. 3109.27, that R.C. 3109.25 should not be applied retroactively. See *Kilbreath* v. *Rudy, supra,* and *Wilke* v. *Wilke, supra.*

We therefore overrule the single assignment of error and affirm the judgment of the court below.

*Judgment affirmed.*

KEEFE, P.J., and KLUSMEIER, J., concur.

---

[4] R.C. 3109.25 provides in part:

"(A) A court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

"* * *

"(C) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to, any of the following factors:

"* * *

"(4) If the parties have agreed on another forum that is no less appropriate."