## Moore v. National Castings
### [Cite as 8 AOA 274]

*Case No. L-89-381*
*Lucas County, (6th)*
*Decided December 14, 1990*

*Theodore A. Bowman, for appellee.*

*Gregory B. Denny and Robert P. King, for appellant.*

ABOOD, J.

This is an appeal from a judgment of the Lucas County Court of Common Pleas, which granted plaintiff-appellee, Samuel C. Moore's, motion to dismiss defendant-appellant, National Casting, Inc.'s, notice of appeal from an order of the Industrial Commission of Ohio. Appellant sets forth one assignment of error:

"The trial court erred in determining that appellant's notice of appeal under § 4123.519, O.R.C., was not timely filed and dismissing the present action."

The undisputed facts giving rise to this appeal are as follows. On July 9, 1987 appellee, Samuel C. Moore, filed an application with the Industrial Commission of Ohio alleging that he had contracted an occupational disease, silicosis, in the course of and arising out of his employment with appellant, National Castings, Inc. The case came on for hearing on May 9, 1988, and the District Hearing officer allowed appellee's claim for silicosis. By order dated November 10, 1988, the Toledo Regional Board of Review affirmed the District Hearing Officer's order. On December 5, 1988, appellant filed an appeal of that decision with the Industrial Com-

mission of Ohio. On January 11, 1989, appellant filed an AC-2 form with the Actuarial Section of the Ohio Bureau of Workers' Compensation, certifying that the law firm of Bugbee and Conkle had been retained by appellant to represent it before the Bureau of Workers' Compensation and the Industrial Commission of Ohio in any and all matters pertaining to its participation in the Workers' Compensation Fund. On January 24, 1989, the industrial commission, issued a "FINDINGS OF FACT AND ORDER OF THE COMMISSION" which refused appellant's December 5, 1988 appeal from the Toledo Regional Board of Review and ordered that " *** copies of this order be mailed to all interested parties." The interested parties listed in the caption were appellee, appellant and the law firm of Gallon, Kalniz and Iorio. The order also indicated: "Clmt. Emp./Law Reps; Findings Mailed 2-16-89 ts." It was not until June 16, 1989, that appellant received a copy of the January 24, 1989 industrial commission order and its representative, Bugbee and Conkle, first became aware of its existence. On June 30, 1989, appellant filed a notice of appeal to the Lucas County Court of Common Pleas, stating that on June 16, 1989, it had received a copy of the industrial commission's January 24, 1989 order, and that the appeal was being brought pursuant to the provisions of R.C. 4123.519. On August 25, 1989, appellee filed a motion in opposition to appellant's notice of appeal in which it sought a dismissal, pursuant to Civ.R. 12(B)(1), claiming that the court lacked subject matter jurisdiction because the appeal was not timely filed. On September 25, 1989, appellant filed its memorandum in opposition and request for oral argument, and on October 16, 1989, appellee filed a reply brief. Oral arguments were heard on November 8, 1989. On November 16, 1989, the trial court granted appellee's motion to dismiss, finding that, consistent with Weiss v. Ferro Corp. (1989), 44 Ohio St.3d 178, absent relief under R.C. 4123.522, the sixty days provided for in R.C. 4123.519 presumptively begins to run when notice of the commission's decision is mailed to the parties. The trial court stated: "Rather than seek relief under R.C. 4123.522, however, National filed its appeal under R.C. 4123.519 and circumvented the R.C. 4123.522 procedural requirement to rebut the presumption that it never received the notice of the

commission's decision. Thus, this court finds that, as a matter of law, the sixty day time period had run when National filed its appeal on June 30, 1989."

From this determination appellant brings this appeal.

In its sole assignment of error, appellant asserts that the trial court erred in determining that its notice of appeal under R.C. 4123.519 was not timely filed. Appellant essentially raises four arguments in support of its assignment of error: (1) that no rights can be lost under R.C. 4123.519 until notice is received; (2) that Weiss is not controlling and R.C. 4123.522 applies only where relief is requested and granted pursuant to R.C. 4123.522; (3) that Weiss and R.C. 4123.522 do not apply when notice is never mailed to a particular person or entity entitled to receive notice; and (4) that Weiss cannot be retroactively applied in this case to divest the trial court of its jurisdiction. All of appellant's arguments deal with the relationship and application of the notice requirements of R.C. 4123.519, R.C. 4123.522 and the Ohio Supreme Court decision in the Weiss case.

We will consider first appellant's argument that Weiss should not be retroactively applied to the facts of this case. R.C. 4123.519 permits a claimant or employer to appeal a decision of the industrial commission or its staff hearing officers made pursuant to R.C. 4121.35(B)(6) to the appropriate common pleas court in any injury or occupational disease case, other than a decision as to the extent of disability.

R.C. 4213.519 states:

" *** Notice of such appeal shall be filed by the appellant with the court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court."

R.C. 4123.522 provides:

"The employee, employer and their respective representatives shall be entitled to written notice of any hearing, determination, order, award or decision under the provisions of Chapter 4123. of the Revised Code.

"If any person to whom a notice is mailed shall fail to receive such notice and the industrial commission, upon hearing, shall

determine that such failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in such notice, such person may take the action afforded to such person within twenty days after the receipt of such notice of such determination of the industrial commission."

Considering initially the issue of whether R.C. 4123.522 applies in the case of a failure to receive notice pursuant to R.C. 4123.519, the Supreme Court of Ohio explained in *Skiba v. Connor* (1983), 5 Ohio St.3d 147, 149:

"Appellant contends that R.C. 4123.522 is strictly an intra-agency remedy which does not affect an appeal under R.C. 4123.519. We agree with that proposition. Our conclusion is necessitated by the fact that the time within which an appeal must be taken to the court of common pleas under R.C. 4123.519 does not begin to run until the order of the commission is received.

"Consequently, until the appealing party receives notice of an adverse decision of the commission, no rights of appeal may be lost under R.C. 4123.519. Contrary to the proposition of the commission, the language of R.C. 4123.522 is only meant to apply to situations where a party has lost a right to pursue a remedy by not receiving some notification. Since a party cannot lose the right to appeal to the court of common pleas until notice of the decision of the commission is received, R.C. 4123.522 has no application to the case at bar.

"Thus, to the extent that R.C. 4123.522 is inapplicable to appeals from the Industrial Commission to the court of common pleas, appellant correctly characterizes the remedy contained therein as a intra-agency form of relief.

"It follows that the commission had no authority to oppose a twenty-day period within which appellant was required to take an appeal to the court of common pleas."

In 1989, however, the Supreme Court of Ohio in *Weiss v. Ferro Corp., supra,* at 182, overruled that portion of *Skiba, supra*:

"The purpose of R.C. 4123.522 is to extend the time for appeal in any case where a person can rebut the presumption of receipt of notice of the decision from the commission arising under the 'mailbox rule'. This is a special provision providing a procedure to be followed where there is a failure to receive notice of a decision and prevails over the general provisions of R.C. *** 4123.519 as to the time for appeal. See R.C. 1.51. Since *Skiba, supra,* is inconsistent with this result, it is overruled to this extent."

A retroactive application of *Weiss* would require the application of R.C. 4123.522 to the facts of this case.

"R.C. 4123.522 is designed to afford relief where notice is not received by either the party or his representatives, and one or both of them has no knowledge of the decision. There is no duty upon the party who actually receives the notice to advise his representative immediately, since the party is entitled to rely upon compliance by the commission of its statutory duty to notify both the party and his representative." *Weiss, supra,* at 183.

In this case appellant's representative is a person who is entitled to, but did not receive, written notice of a "*** determination, order, award or decision ***" of the industrial commission.

The Supreme Court also found that R.C. 4123.522 is designed to be the exclusive remedy in such a case and that its procedural provisions are mandatory. The court stated that R.C. 4123.522,

" *** is a special provision providing a procedure to be followed where there is a failure to receive notice of a decision and prevails over the general provisions of R.C. *** 4123.519.[4]

" ***

" *** It was first necessary, as counsel did, to apply to the commission pursuant to R.C. 4123.522 for a determination that the presumption of receipt of the decision was factually incorrect and, thus, the filing of an appeal should be allowed." *Weiss, supra,* at 182.

Further, the Supreme Court in *Weiss, supra,* at 183 held that:

" *** a party granted relief under R.C. 4123.522 has the specified twenty days to file a notice of appeal ***. The express language of R.C. 4123.522 requires such conclusion ***."

A retroactive application of *Weiss* would require that appellant herein utilize the procedural mandates of R.C. 4123.522.

This brings us to appellant's argument that *Weiss* cannot be applied retroactively to divest the common pleas court of its jurisdiction in this case. There is no dispute that R.C. 4123.522 was enacted and effective prior to all relevant dates herein and continued to remain in effect throughout all relevant proceedings below.[1]

On June 15, 1983, the Supreme Court of Ohio decided *Skiba, supra*, which, in relevant part, held that R.C. 4123.522 applies only to intra-agency appeals, and is not applicable to appeals from the industrial commission to the court of common pleas, i.e., to R.C. 4123.519. *Skiba* remained undisturbed until the Supreme Court of Ohio, in *Weiss, supra*, decided, on August 2, 1989, to partially overrule *Skiba* to the extent that *Skiba* held R.C. 4123.522 inapplicable to R.C. 4123.519 appeals.

In this case a final decision of the industrial commission was issued adverse to appellant and was mailed to all interested parties on February 16, 1989.

The appellant and its counsel only received a copy of this order and became aware of its contents on June 16, 1989. On that date, therefore, appellant was confronted with the choice of utilizing R.C. 4123.519 and appealing to the common pleas court, claiming in support that it had sixty days from receipt of notice to file its appeal, or proceeding pursuant to R.C. 4123.522 and motioning the industrial commission to make a determination to allow appellant twenty days from receipt of its R.C. 4123.522 order to appeal to common pleas court. As of June 16, 1989, the Supreme Court of Ohio, through its discussion in *Skiba*, directed appellant to do the former which appellant did on June 30, 1989, when it filed its appeal in the common pleas court.

Article II, Section 28 of the Ohio Constitution prohibits the passage of retroactive laws. This pertains, however, to the underlying passage of laws, not to the interpretation of laws, and refers to laws affecting substantive rights, having "*** no reference to laws of a remedial nature providing rules of practice, courses of procedure, or methods of review." *Kilbreath v. Rudy* (1968), 16 Ohio St.2d 70, 72; State, ex rel. *Slaughter v. Indus. Comm.* (1937), 132 Ohio St. 537. This case cannot, therefore, be determined by resort to general law applicable to enactment of statutes by the legislature or by resort to law defining at what point jurisdiction vests in a judicial tribunal. The issue presented here involves a change of interpretation of a statute by a court, and whether the re-interpretation should apply retroactively.

The general rule and exceptions with respect to retroactive operation of an interpretation of a statute by a court is best stated in *Anello v. Hufziger* (1988), 48 Ohio App.3d 28, 30:

"The general rule is that a decision of the Supreme Court interpreting a statute is retrospective in its operation, because it is a declaration of what is and always was the correct meaning or effect of the enactment. See *Peerless Electric Co. v. Bowers* (1955), 164 Ohio St. 209, 57 O.O. 411, 129 N.E.2d 467.

"There are exceptions to the general rule, as illustrated by *Chevron Oil Co. v. Hudson* (1971), 404 U.S. 97. A high court decision will be not applied retroactively if the decision meets three 'separate factors.' Id. at 106-107."

The three separate factors were enumerated by the United States Supreme Court in *Chevron Oil Co. v. Huson, supra*, at 106-107:

"In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see e.g., *Hanover Shoe, Inc. v. United Shoe Machinery Corp., supra*, 392 U.S. at 496, 88 S.Ct. at 2233, or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e.g., *Allen v. State Board of Elections, supra*, 393 U.S. at 572, 89 S.Ct., at 835. Second, it has been stressed that 'we must *** weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' *Linkleter v. Walker, supra*, 381 U.S., at 629, 85 S.Ct., at 1738. Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' *Cirpriano v. City of Houma, supra*, 395 U.S., at 706, 89 S.Ct., at 1900."

As applied to the facts of this case, *Weiss* clearly established a new principle of law by

overruling *Skiba* which had previously established a precedent upon which litigants may have relied. Throughout the proceedings before the industrial commission and up to the filing of the notice of appeal to common pleas court, *Skiba* represented the law governing the procedural aspects of appellant's case. It cannot be assumed that appellant did or could foresee that *Skiba* would be overturned. As stated in *Chevron Oil Co., supra,* at 107:

"The most he could do was to rely on the law as it then was. 'We should not indulge in the fiction that the law now announced has always been the law and, therefore, that those who did not avail themselves of it waived their rights.' *Griffin v. Illinois,* 351 U.S. 12, 26, 76 S.Ct. 585, 594, 100 L.Ed. 891 (Frankfurter, J., concurring in judgment)."

The first factor of Chevron Oil Co. is clearly satisfied.

As noted above, "[t]he purpose of R.C. 4123.522 is to extend the time for appeal in any case where a person can rebut the presumption of receipt of notice of the decision from the commission arising under the 'mailbox rule' " *Weiss, supra,* at 182. The facts are undisputed in this case that appellant filed its appeal fourteen days after receiving notice in accordance with the prevailing interpretation of the law at the time. It should be noted that *Weiss* applies R.C. 4123.522 to extend the time for filing and to allow the appellant therein an opportunity to save the running of the limitations period. Yet, retroactive application of R.C. 4123.522 to the facts of this case would deprive the appellant of the opportunity to extend the time for appeal. Clearly, the retroactive application of Weiss in this case would not further the operation of the purpose to which R.C. 4123.522 is devoted. The second factor of Chevron Oil Co. is, therefore, satisfied.

If Weiss were to be applied retroactively to the facts of this case it would also produce substantial inequitable results. In *Skiba,* the appellant utilized R.C. 4123.522 and was, in effect, told such utilization was improper. Yet, the court held that the appellant did not receive R.C. 4123.519 notice until such time as she received the decision from the R.C. 4123.522 hearing. Although the appellant in *Skiba* did not ultimately prevail, she nevertheless equitably received an extension of time to file her appeal from the industrial

commission into common pleas court beyond receipt of the R.C. 4123.522 decision. When the appellant in Weiss motioned the commission for R.C. 4123.522 relief, the law at that time pursuant to *Skiba* was such that appellant could not be denied an opportunity to pursue a remedy. If Weiss had held R.C. 4123.522 inapplicable, appellant would still have had sixty days from receipt of the R.C. 4123.522 hearing notice to appeal to common pleas court. In this case, to apply *Weiss* retroactively would foreclose appellant from any remedy whatsoever, although appellant filed its appeal fourteen days after receipt of notice. To apply *Weiss* retroactively here would be tantamount to providing appellant with the wrong directions, then penalizing it for conscientiously following them. The third factor of Chevron Oil Co. is, therefore, satisfied. Upon consideration of the foregoing, this court finds that appellant's argument that *Weiss* cannot be applied retroactively to the facts of this case is well-taken.

Having found that *Weiss* should not be applied retroactively, we must now consider when the time for appellant to file its appeal to common pleas court began to run. It should be noted that that portion of R.C. 4123.522 that provides for who is entitled to receive notice, precedes and is not subject to, the " *** any person to whom a notice is mailed *** " language. The inapplicability of R.C. 4123.522, as to requiring a hearing to determine absence of fault for failure to receive notice, does not negate the applicability of the language as to who is entitled to receive notice. Even though we have ruled that *Weiss* cannot be applied retroactively to require resort to R.C. 4123.522 as a "savings" provision, R.C. 4123.522 must still be read in conjunction with R.C. 4123.519 as requiring that all those persons entitled to written notice pursuant to R.C. 4123.522 must, pursuant to R.C. 4123.519, receive such notice prior to the commencement of the running of the R.C. 4123.519 sixty day period. *Weiss, supra,* at 182 held:

"Pursuant to R.C. 4123.522, '[t]he employee, employer and their respective representatives ***' (emphasis added) [sic] are entitled to written notice of any decision of the commission. Not until after receipt of this notice does the time for appeal under R.C. 4123.519 begin to run."

Therefore, in the absence of the applicability of R.C. 4123.522, the general sixty day provision contained in R.C. 4123.519 applies and begins to run only after written notice is received by all those persons entitled to receive notice. The appeal must, in such case, be to the court of common pleas as specified in R.C. 4123.519.

In this case, appellant received written notice of the industrial commission's decision which denied its appeal on June 16, 1989. A notice of appeal to common pleas court was filed by appellant on June 30, 1989.[2] Upon consideration of the foregoing, this court finds that appellant's appeal to the common pleas court was timely and properly filed, and the sole assignment of error herein is well-taken.

Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby reversed. This case is remanded to said court for further proceedings according to law. Costs assessed against appellee.

*Judgment reversed.*

HANDWORK, P.J., GLASSER, J., and ABOOD, J., concur.

---

[1] R.C. 4123.522 was amended, effective November 3, 1989, and now includes the following language:

"Neither the employee nor the employer shall be deemed to have receive notice until the notice is received *** by both the employee and his representative of record and both the employer and his representative of record."

This amendment postdates the relevant facts of this case and does not purport to apply retroactively.

[2] Since an appeal was perfected fourteen days after receipt of notice by appellant, the issue of whether actual knowledge of notice by appellant's representative, as opposed to actual receipt of notice, operates to commence the running of the sixty day appeal period under R.C. 4123.519 will not be addressed.