**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 200.]**

SCHOENRADE, APPELLEE, *v*. TRACY, TAX COMMR., APPELLANT.

ARONSON ET AL., APPELLEES, *v*. TRACY, TAX COMMR., APPELLANT.

[Cite as *Schoenrade v. Tracy*, 1996-Ohio-139.]

*Taxation—Validity of tax assessments made after expiration of three-year statute of limitations in effect when income tax returns were filed but prior to expiration of four-year statute of limitations which became effective after income tax returns were filed--R.C. 5747.13(C) is a remedial statute applicable to any proceedings conducted after its effective date.*

―――――――――――――

(Nos. 94-1102 and 94-1245—Submitted October 10, 1995—Decided January 3, 1996.)

APPEALS from the Board of Tax Appeals, Nos. 91-X-1365 and 92-H-467.

―――――――――――――

{¶ 1} In case No. 94-1102, appellee Kurt Schoenrade and Joyce Schoenrade, now deceased ("Schoenrades") filed their 1985 Ohio income tax return on or before April 15, 1986. On April 16, 1990 (April 15, 1990 was a Sunday), the Tax Commissioner issued an assessment against the Schoenrades for tax year 1985.

{¶ 2} In case No. 94-1245, appellees Robert and Joan Aronson ("Aronsons") filed their 1984 Ohio income tax return on May 6, 1985. The Aronsons' tax return was initially due April 15, 1985; however, by an extension of the filing date for their federal tax return the due date for their Ohio tax return was also extended. On April 6, 1989, the Tax Commissioner issued an assessment against the Aronsons for tax year 1984.

{¶ 3} At the time the Schoenrades and Aronsons filed their income tax returns, former R.C. 5747.15 provided:

"No assessment shall be made or issued against an employer or taxpayer for any tax imposed by section 5747.02 or under Chapter 5748. of the Revised Code more than *three* years after the return date for the period in which the return for such period is filed." (Emphasis added.) (139 Ohio Laws , Part II, 4083-4084.)

{¶ 4} However, effective October 5, 1987, Sub. H.B. No. 231 ("H.B. No. 231"), 142 Ohio Laws, Part II, 2635, repealed R.C. 5747.15 and amended R.C. 5747.13(C) to provide:

"No assessment shall be made or issued against an employer or taxpayer more than *four* years after the final date the return subject to assessment was required to be filed or the date the return was filed, whichever is later. ***" (Emphasis added.) *Id.*, 142 Ohio Laws, Part II, at 2933.

{¶ 5} When H.B. No. 231 became effective October 5, 1987, the three-year statute of limitations contained in R.C. 5747.15 was still open for both the Schoenrades and the Aronsons. In both cases, the Tax Commissioner's assessment was made more than three years after the applicable return filing date. However, in both cases, the assessments were made within four years of the final date the return was required to be filed, or the date the return was filed, whichever was later.

{¶ 6} The taxpayers filed for reassessment, contending that the three-year statute of limitations in effect when they filed their tax returns remained applicable, rather than the four-year statute of limitations enacted by H.B. No. 231. The Tax Commissioner did not agree with the taxpayers' contention and affirmed his assessments. The taxpayers filed their appeals with the Board of Tax Appeals ("BTA"), again contending, among other issues, that the application of the four-year statute of limitations was impermissibly retroactive. The BTA agreed with the taxpayers, overruling one of its prior decisions on the same issue.

{¶ 7} The Tax Commissioner filed his notice of appeal in each case with this court, contending that the decision of the BTA was in error in finding the three-

year statute rather than the four-year statute of limitations to be the proper statute of limitations.

{¶ 8} The causes are now before this court upon appeals as of right and have been consolidated for review.

_____

*Kurt L. Schoenrade*, *pro se*, in case No. 94-1102.

*Baker & Hostetler*, *Edward J. Bernert* and *George H. Boerger*, for appellees Robert S. and Joan Aronson in case No. 94-1245.

*Betty D. Montgomery*, Attorney General, and *Steven L. Zisser*, Assistant Attorney General, for appellant in case No. 94-1102.

*Betty D. Montgomery*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellant in case No. 94-1245.

_____

***Per Curiam.***

{¶ 9} The sole question presented by these cases is the validity of the tax assessments made after the expiration of the three-year statute of limitations, which was in effect when the income tax returns were filed, but prior to the expiration of the four-year statute of limitations, which became effective after the income tax returns were filed.

{¶ 10} The taxpayers argue that a legislative change in the statute of limitations, made after the income tax returns were filed, may not prolong the statute of limitations in effect at the time the returns were filed. The Tax Commissioner contends that when an amended statute of limitations is enacted, increasing the time to levy an assessment, and the limitations period under the unamended statute has not yet run, the new statute of limitations is applicable to actions taken after the effective date of the amendment. The facts in these cases do not present a situation where the Tax Commissioner has made assessments against

taxpayers under an extended statute of limitations after the prior statute of limitations has run.

{¶ 11} Both the repealed R.C. 5747.15 and the newly enacted R.C. 5747.13(C), being statutes of limitations, limited the time period during which the Tax Commissioner had a right to make assessments against the taxpayers. In *Gregory v. Flowers* (1972), 32 Ohio St. 2d 48, 61 O.O. 2d 295, 290 N.E. 2d 181, we held in paragraph one of the syllabus that "[s]tatutes of limitations are remedial in nature ***." Furthermore, in paragraph two of the syllabus of *Kilbreath v. Rudy* (1968), 16 Ohio St. 2d 70, 45 O.O. 2d 370, 242 N.E. 2d 658, we held that "[l]aws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws *** ." Applying the holdings cited above to the facts of this case, it will be seen that R.C. 5747.13(C), as a statute of limitations, is a remedial statute applicable to any proceedings conducted after its effective date. The facts of this case show that, at the time R.C. 5747.13(C) became effective, there was no action pending by the Tax Commissioner against the taxpayers. At the time R.C. 5747.13(C) became effective the Tax Commissioner had the right to file an assessment against the taxpayers. Enactment of R.C. 5747.13(C) merely extended for an additional year the Tax Commissioner's existing right to make an assessment.

{¶ 12} In *Peters v. McWilliams* (1880), 36 Ohio St. 155, a statute of limitations had been changed so that a surety that had paid a debt of a principal was no longer limited to a ten-year time period within which to bring an action against the principal. The amendment at issue in *Peters* was passed nineteen days before the expiration of the prior ten-year statute of limitations. By its terms, the amendment also made the statute applicable to payments made prior to the date of the amendment. In commenting on why the amendment passed constitutional muster, this court stated: "The debtor had no vested right in the existing statute of limitations that could have prevented the legislature from repealing it, or extending

4

the time in which the plaintiff could bring his action to be subrogated beyond the ten years." *Id*. at 162. In *Peters*, this court went on to further state:

"No substantial right of the debtor is taken from him. He has no vested right to be shielded from the payment of his debts, and the existing statute of limitations does not so enter into and form part of the obligation of his contract, as that it may not be repealed or further time given, where the right to an action is not already barred." *Id*. at 163.

{¶ 13} In *State ex rel. S. Euclid v. Zangerle* (1945), 145 Ohio St. 433, 437, 31 O.O. 57, 59, 62 N.E. 2d 160, 163, this court stated: "[T]here is no vested right in an existing method of procedure for the collection of taxes and assessments *** and legislation which relates exclusively to remedial rights is not violative of the constitutional provision against the enactment of retroactive laws."

{¶ 14} Neither R.C. 5747.15 nor 5747.13(C) granted the taxpayers any vested rights upon the filing of a tax return. The taxpayers had no rights under these statutes to be violated when the General Assembly lengthened the statute of limitations by one year. The only person who had any rights under these statutes was the Tax Commissioner, and he had the right to make assessments for a specific number of years after the filing of the tax return. The General Assembly's extension of the statute of limitations by one year affected only the remedy available to the Tax Commissioner to make an assessment. After the statute of limitations expires the taxpayer has a right to plead the statute as an affirmative defense, but until the statute expires the taxpayer has no rights under the statute of limitations in question. In this case the statute of limitations was open at the time the General Assembly extended it, and it was still open when the Tax Commissioner made his assessment; therefore, the Tax Commissioner's assessment was made in a timely manner.

{¶ 15} It does not matter that the Tax Commissioner based his assessment upon factual information contained in tax returns which were filed while the three-

year statute of limitations was in effect.  Use of such prior data does not make the application of the statute retroactive.  In *United Eng. & Foundry Co. v. Bowers* (1961), 171 Ohio St. 279, 13 O.O. 2d 240, 169 N.E. 2d 697, property owned by the taxpayer had been exempted from taxation during a part of 1955.  In listing its taxable property for 1956, the taxpayer was required to list personal property owned during the prior year, 1955.  The taxpayer contended that it should not be required to list the property that had been exempted during a part of 1955.  This court held that the listing for taxation of property which had been exempted from taxation for a portion of 1955 was not retroactive, stating that "[a] statute is not retroactive merely because it draws on antecedent facts for a criterion in its operation."  *Id.* at 282,  13 O.O. 2d at 241, 169 N.E. 2d at 699.  The use of antecedent facts contained in tax returns filed more than three years prior to the date of the assessment does not make the application of the statute retroactive.  The issue of whether a statute is unconstitutionally retroactive does not arise until it is determined that the General Assembly has specified that the statute apply retroactively.  *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489.  In this case there is no indication that the General Assembly intended that R.C. 5747.13(C) be applied other than prospectively, which it was.

{¶ 16} Therefore, we hold that the decision of the BTA in each case was unreasonable and unlawful.  Accordingly, the decisions of the BTA are reversed.

*Decisions reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____