[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 530.]

IN RE ESTATE OF CROSS.

[Cite as *In re Estate of Cross*, 1996-Ohio-455.]

*Wills—Election for surviving spouse under legal disability—Probate court judge did not abuse his discretion in electing for surviving spouse, who depended solely upon Medicaid benefits for her support and care, to take against will and under R.C. 2105.06.*

(Nos. 95-782 and 95-784—Submitted April 16, 1996—Decided June 5, 1996.)

APPEALS from the Court of Appeals for Cuyahoga County, No. 66503.

———————————

{¶ 1} On August 23, 1992, Carroll R. Cross died testate leaving his entire estate to his son, Ray G. Cross, who was not a child of the surviving spouse. At the time of his death, Beulah Cross, the surviving spouse, was apparently close to eighty years old, was suffering from Alzheimer's disease, and was living in a nursing home paid by Medicaid. Due to Mrs. Cross's incompetency, she was unable to make an election under R.C. 2106.01 as to whether she should take against her husband's will. Therefore, pursuant to R.C. 2106.08, the probate court appointed a commissioner, who investigated the matter and determined that the court elect for Mrs. Cross to take her intestate share under R.C. 2105.06 and against the will. As a result of this election, Mrs. Cross would receive twenty-five thousand dollars in spousal allowance and one-half of the net estate, which was approximately nine thousand dollars. Following a hearing before a referee, Judge John E. Corrigan of the probate court elected for Mrs. Cross to take against decedent's will.

{¶ 2} Decedent's son appealed the probate court's decision. While the appeal was pending, Mrs. Cross died. The court of appeals, with one judge dissenting, reversed, finding that the election to take against the will was against

Mrs. Cross's best interest and was not necessary to provide her adequate support, since the cost of her nursing home care was already covered by Medicaid. Rosemary D. Durkin, Administrator of the Estate of Beulah Cross, filed a notice of appeal to this court (case No. 95-782), as did intervenor, Cuyahoga County Board of Commissioners (case No. 95-784).

{¶ 3} The cause is now before the court upon the allowance of discretionary appeals.

———————————

*Wegman, Hessler, Vanderburg & O'Toole, Rosemary D. Durkin* and *Jeffrey W. Krueger,* for appellant, Administrator of the Estate of Beulah Cross.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *William J. Day* and *George J. Sadd*, Assistant Prosecuting Attorneys, for intervenor appellant, Cuyahoga County Board of Commissioners.

*Melling, Melling & Bell, Brian J. Melling* and *Clarence B. Rader III,* for appellee, Ray Cross, Executor of the Estate of Carroll R. Cross.

*Betty D. Montgomery*, Attorney General, and *Karen Lazorishak*, Assistant Attorney General, urging reversal for *amicus curiae*, Ohio Department of Human Services.

———————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 4} At issue in this case is whether Judge Corrigan abused his discretion in electing for decedent Carroll Cross's surviving spouse, who depended solely upon Medicaid benefits for her support and care, to take against the will and under R.C. 2105.06. For the following reasons, we uphold the election made by Judge Corrigan for Mrs. Cross, and reverse the decision of the court of appeals.

{¶ 5} Where a surviving spouse is under a legal disability, the probate court is given the authority under R.C. 2106.08 to appoint a suitable person to ascertain the surviving spouse's adequate support needs and to compare the value of the

surviving spouse's rights under the will with the value of her rights under the statute of descent and distribution. R.C. 2106.08 further provides that the court may elect for the surviving spouse to take against the will and under R.C. 2105.06 "only if it finds, after taking into consideration the other available resources and the age, probable life expectancy, physical and mental condition, and present and reasonably anticipated future needs of the surviving spouse, that the election to take under 2105.06 of the Revised Code is necessary to provide adequate support for the surviving spouse during his life expectancy."

{¶ 6} Prior to the amendment of former R.C. 2107.45 (now renumbered R.C. 2106.08), effective December 17, 1986 (141 Ohio Laws, Part I, 520), the probate court made its determination of whether to elect to take under the will or against the will based upon which provision was "better for such spouse." In essence, the court based its decision on which provision was more mathematically advantageous to the surviving spouse. See *In re Estate of Cook* (1969), 19 Ohio St.2d 121, 126, 48 O.O.2d 113, 116, 249 N.E.2d 799, 802. However, in passing R.C. 2106.08, the General Assembly moved away from a simple mathematical calculation, taking into consideration such factors as other available resources, age, life expectancy, physical and mental condition, and the surviving spouse's present and future needs. In either case, the probate court must ascertain what the surviving spouse would have done for her financial benefit had she been competent to make the decision herself. See *In re Estate of Hinklin* (1989), 66 Ohio App.3d 676, 679, 586 N.E.2d 130, 132.

{¶ 7} In this case, the court of appeals determined that had Mrs. Cross been competent she would have elected to take under the will, since her nursing home expenses were covered by Medicaid. However, in reaching this conclusion and in striking down the election made by Judge Corrigan for Mrs. Cross to take against the will, we believe that the court of appeals ignored Medicaid eligibility requirements and mistakenly relied on Ohio Adm.Code 5101:1-39-361, which

provides a method for determining Medicaid eligibility where one spouse is institutionalized and the other spouse is not but is instead a "community spouse." Since Mrs. Cross's spouse was deceased, Ohio Adm.Code 5101:1-39-361 is inapplicable to the facts presented here.

{¶ 8} Furthermore, eligibility for Medicaid benefits is dependent upon a recipient's income or available resources. Ohio Adm.Code 5101:1-39-05. The term "resources" includes "property owned separately by the person, his share of family property, and property deemed to him from a parent or spouse." Ohio Adm.Code 5101:1-39-05(A)(4). This also encompasses "those resources in which an applicant/recipient has a legal interest and the legal ability to use or dispose of ***." Ohio Adm.Code 5101:1-39-05(A)(8).

{¶ 9} Mrs. Cross clearly had a legal interest in and the ability to use or dispose of her intestate share under her right to take against the will. Thus, she had available to her a potential resource for Medicaid eligibility purposes. This is critical to the facts presented, since the Medicaid rules specifically state that the nonutilization of available income renders a Medicaid applicant or recipient ineligible for benefits. According to Ohio Adm.Code 5101: 1-39-08(A)(2), "A basic tenet of public assistance is that all income must be considered in determining the need of an individual for public assistance. Potential income must be explored prior to approving medicaid. An individual who does not avail himself of a potential income is presumed to fail to do so in order to make himself eligible for public assistance. *Such nonutilization of income available upon request constitutes ineligibility.* ***" (Emphasis added.)

{¶ 10} As applied to this case, in order to maintain Mrs. Cross's Medicaid eligibility and to continue to have her nursing home expenses provided for by public assistance, Judge Corrigan was required to elect for Mrs. Cross to take against the will and to receive her intestate share. Otherwise, if the election was to take under the will, Mrs. Cross would receive no income and would be deemed ineligible for

benefits for failing to avail herself of a potential income. Thus, the election to take against the will was necessary for Mrs. Cook's future support and met the requirements of R.C. 2106.08. We find that the probate court, by appointing a commissioner to investigate the matter and by electing for Mrs. Cross to take against the will, was correct in its actions. Through his decision, Judge Corrigan acted in the best interests of this surviving spouse and protected the interests of all litigants coming before him. Consequently, Judge Corrigan did not abuse his discretion in electing for Mrs. Cross to take against the will.

{¶ 11} Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the probate court.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and STRATTON, JJ., concur.

———————————