## In re ESTATE OF PENDLETON.

[Cite as *In re Estate of Pendelton* (2000), 141 Ohio App.3d 708.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 00CA11.

Decided March 9, 2001.

*James D. Hapner,* for Lucille Pendleton, appellant.

*Susan L. Davis,* for Estate of Ira Pendleton, appellee.

---

KLINE, Judge.

Lucille Pendleton appeals the Highland County Probate Court's election that she take under her late husband's will instead of against the will. She asserts that the trial court erred when it applied R.C. 2106.08, which amended R.C. 2107.45, because R.C. 2106.08 did not take effect until after her husband's death and is not retroactive. Because we find that the amendment to the statute is a remedial or procedural change, we disagree. Accordingly, we affirm the judgment of the trial court.

I

Ira Pendleton died in 1981. The probate court admitted his will to probate in 1982. The will left everything to his children with no provision for his surviving spouse. The named executor in the will declined appointment. The court appointed Ira's surviving spouse, Lucille, as administrator with the will annexed in 1982. Lucille never filed an inventory or carried through with her other duties as administrator. In 1998, the trial court terminated the appointment of Lucille as administrator because of her incompetence (by reason of advancing years and senility) and appointed Ira and Lucille's daughter as administrator with will annexed.

The new administrator filed an inventory and proceeded with the administration of Ira's estate. The court issued a citation to Lucille as the surviving spouse to make an election to take under or against the will. The parties stipulated that

Lucille was under a legal disability. The court chose not to proceed with the election under former R.C. 2107.45, which provided:

"When, because of a legal disability, a surviving spouse is unable to make an election as provided by section 2107.39 of the Revised Code, as soon as the facts come to the knowledge of the probate court, the probate court shall appoint some suitable person to ascertain the value of the provision made for such spouse by the testator and the value of the rights in the estate of such testator under sections 2105.01 to 2105.21, inclusive, of the Revised Code. Such appointment by the court shall be made at any time within the time allowed for election under section 2107.39 of the Revised Code.

"When the person appointed returns the report of his investigation, the court shall determine whether the provision made by the testator for the surviving spouse in the will or the provision under sections 2105.01 to 2105.21, inclusive, of the Revised Code, is better for such spouse and shall elect accordingly. The court shall thereupon record upon its journal the election made for such spouse, which election, when so entered, shall have the same effect as an election made by one not under such disability." 125 Ohio Laws 903, 963.

The General Assembly amended R.C. 2107.45, effective December 17, 1986, and later renumbered it as R.C. 2106.08. The trial court chose to follow R.C. 2106.08, which provides:

"If, because of a legal disability, a surviving spouse is unable to make an election as provided by section 2106.01 of the Revised Code, as soon as the facts come to the knowledge of the probate court, the probate court shall appoint some suitable person to ascertain the value of the provision made for the surviving spouse by the testator, the value of the rights of the surviving spouse in the estate of the testator under Chapter 2105. of the Revised Code, and the adequate support needs of the surviving spouse after taking into consideration the other available resources and the age, probable life expectancy, physical and mental condition, and present and reasonably anticipated future needs of the surviving spouse. The appointment by the court shall be made at any time within the times described in division (E) of section 2106.01 of the Revised Code for making an election under that section.

"When the person so appointed returns the report of his investigation, the court may elect for the surviving spouse to take under section 2105.06 of the Revised Code only if it finds, after taking into consideration the other available resources and the age, probable life expectancy, physical and mental condition, and present and reasonably anticipated future needs of the surviving spouse, that the election to take under section 2105.06 of the Revised Code is necessary to provide adequate support for the surviving spouse during his life expectancy.

"After making its determination under this section, the court shall record upon its journal the election made for the surviving spouse. The election, when so entered, shall have the same effect as an election made by one not under legal disability."

Based on the report filed pursuant to R.C. 2106.08, the court elected for Lucille to take under the will. Lucille appeals and asserts the following assignment of error:

"The trial court erred in applying the version of [R.C.] 2106.08 as it exists in the year 2000 rather than the law respecting the election of a spouse under disability as it existed at the time of the death of the decedent and probate of his will."

## II

Lucille argues in her sole assignment of error that the trial court should have applied the earlier version of R.C. 2107.45. Lucille maintains that the trial court could not apply the amended version, R.C. 2106.08, because the General Assembly did not intend for the courts to apply R.C. 2106.08 retroactively. Lucille concedes that the trial court could have applied the amended statute retroactively if the change in the statute was remedial instead of substantive. However, Lucille claims that the change in the statute was substantive because the trial court now has to consider several additional factors under the amended statute before it can make its decision. While we agree with Lucille that the court must now consider several additional factors, we disagree with her conclusion that this change is substantive.

The question we must decide is whether the additional factors propounded by the General Assembly in R.C. 2106.08 for the probate court to consider before it makes its election for the disabled surviving spouse represent a remedial or substantive change to former R.C. 2107.45. We undertake a *de novo* review to answer this legal question.

"The general assembly shall have no power to pass retroactive laws." Section 28, Article II, Ohio Constitution. However, this prohibition of passing retroactive laws applies to laws affecting substantive rights, not laws of a remedial or procedural nature. *Kilbreath v. Rudy* (1968), 16 Ohio St.2d 70, 45 O.O.2d 370, 242 N.E.2d 658, paragraph one of the syllabus. "Laws of a remedial . nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws." *Id.* at paragraph two of the syllabus. "[S]ubstantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of

enforcement of rights or obtaining redress." *State ex rel. Holdridge v. Indus. Comm.* (1967), 11 Ohio St.2d 175, 178, 40 O.O.2d 162, 164, 228 N.E.2d 621, 623.

Applying the above law to this case, we find that the change in the statute is remedial or procedural in nature, not substantive. Former R.C. 2107.45 created a duty for the probate court to elect for the disabled surviving spouse. The same duty exists under R.C. 2106.08. The only thing that the General Assembly changed in R.C. 2106.08 is the number of factors that the probate court must consider before it can carry out its duty. In short, the amended statute changes the method or procedure that the probate court must follow to carry out its duty. Thus, we find that the change in the statute is remedial or procedural. Consequently, the trial court did not err when it followed R.C. 2106.08 instead of former R.C. 2107.45.

Our analysis is consistent with what other courts have written, including this court. In *In re Estate of Ginther* (July 26, 1995), Ross App. No. 94CA2078, unreported, 1995 WL 450818, we stated that "[t]he *procedure* [in R.C. 2106.08] takes into consideration other available resources, age, life expectancy, physical and mental condition, and the surviving spouse's present and future needs." (Emphasis added.) The court in *In re Estate of Hinklin* (1989), 66 Ohio App.3d 676, 678–679, 586 N.E.2d 130, 131–132, found that the change in the wording of R.C. 2107.45 (change in statute from a requirement that court consider only value of taking under or against decedent spouse's will to a requirement that court consider additional factors as well) was a procedural change, not a substantive change.

The Ohio Supreme Court cited the *Hinklin* case when it compared R.C. 2107.45 with its amended version, R.C. 2106.08, in *In re Estate of Cross* (1996), 75 Ohio St.3d 530, 532, 664 N.E.2d 905, 906–907:

"Prior to the amendment of former R.C. 2107.45 (now renumbered R.C. 2106.08), effective December 17, 1986 (141 Ohio Laws, Part I, 520), the probate court made its determination of whether to elect to take under the will or against the will based upon which provision was 'better for such spouse.' In essence, the court based its decision on which provision was more mathematically advantageous to the surviving spouse. See *In re Estate of Cook* (1969), 19 Ohio St.2d 121, 126, 48 O.O.2d 113, 116, 249 N.E.2d 799, 802. However, in passing R.C. 2106.08, the General Assembly moved away from a simple mathematical calculation, taking into consideration such factors as other available resources, age, life expectancy, physical and mental condition, and the surviving spouse's present and future needs. In either case, the probate court must ascertain what the surviving spouse would have done for her financial benefit had she been competent to make the decision herself. See *In re Estate of Hinklin* (1989), 66 Ohio App.3d 676, 679, 586 N.E.2d 130, 132."

Thus, for the above-stated reasons, we overrule Lucille's sole assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

PETER B. ABELE, P.J., and EVANS, J., concur.