ARLINGTON C. HARVEY v. ANTONIO CIOCCO ET AL.

ACT 99 O. L. 230 APPLIES TO CHATTEL MORTGAGES ON FILE AT TIME OF
PASSAGE AND IS NOT UNCONSTITUTIONAL.

Revised Statutes 4155 (Gen. Code 8565), as amended by act 99 O.
L. 230, applies to chattel mortgages then on file and the lien cre-
ated thereby will be continued if such chattel mortgage is re-
filed within thirty days next preceding the expiration of three
years from the time the mortgage was originally filed. To so
hold is not unconstitutional as an impairment of the obligation
of contracts nor retroactive as effecting the rights of creditors
of the mortgagor.

[Syllabus by the court.]

ERROR to common pleas court.

*Raymond & Gibson,* for plaintiff in error.

*P. M. Glish,* for defendant in error.

**ROCKEL, J.**

The question involved in this case is whether under the
act (99 O. L. 230) extending the time of refiling chattel mort-
gages from one to three years, a mortgage that was filed before
the passage of the amended act was void as to creditors if not
refiled within thirty days from one year from the time of its
original filing.

The amended act is word for word similar to the original
law with the exception that the phrase "one year" is changed to
"three years," and it is clear to our mind that the amended act
only related to the time of refiling, and had no other effect or
purpose.

It did not change the original contract; it merely extended
the life of the lien from one to three years without the necessity
of refiling within thirty days from the expiration of one year
from its date.

Franklin County.

At common law, a lien did not exist on personal property unless it was also accompanied by possession. This rule was, no doubt, founded on public policy. To have permitted such a lien without possession would have opened wide the door for fraud not only upon creditors but upon others.

So, when it was decided to permit a lien to exist upon personal property without possession, in order that the same might not be used to work a fraud, two things were required:

(1) That the mortgage be filed, for inspection by the public, with some public official.

(2) That such mortgage lien would only be valid, as against *bona fide* creditors for one year unless within thirty days before the expiration of such one year, it was refiled with a statement under oath of the amount still due.

This was required as stated by the Supreme Court in *Seaman* v. *Eager*, 16 Ohio St. 209.

"In order to prevent fraud or deception against the same classes of persons, by means of leaving mortgages on file in the proper office long after they have been wholly satisfied by payments or other discharges of which the public would have no means of knowledge."

And the court went so far as to hold that the mortgage was absolutely dead as to creditors under this act if not refiled within the required time. *Cooper* v. *Koppes,* 45 Ohio St. 625 [16 N. E. Rep. 662].

The legislature, however, evidently became convinced that public policy did not demand that the life of a chattel mortgage should only exist for one year unless it was refiled within thirty days from the expiration of one year from its original filing, and, therefore, the law was amended in its present form. In so acting the legislature was within the province of its constitutional powers. It was for it to decide, if it saw fit so to do, what conditions should attach to a chattel mortgage after it was given as to its continued life and efficiency just as much as it was within its power to pass a law, permitting a lien to be acquired by means of a chattel mortgage in the first instance.

The legislature was the sole judge whether the life of a

Harvey v. Ciocco.

chattel mortgage should be one or three or more years, and the manner in which it could thereafter be continued as a valid mortgage.

In the case at bar, when the mortgage was filed, it was a valid lien upon the chattels covered by its terms for at least one year. If the owner wished to continue it for a longer period, he must refile it within thirty days from the expiration of one year from its original filing. But before the time had arrived at which it must be refiled, the legislature concludes that the public will be best subserved by a requirement that a chattel mortgage shall be a valid lien for three years from its original filing without a refiling in the intermediate time.

It is not questioned but what the legislature may pass such an act as to mortgages thereafter filed, but if the legislature deemed it wise to pass the law as affecting after filed or executed mortgages, why should it not apply to those already on file? For necessarily, those on file, a part of the time having already expired, will have to be refiled in a less period of time than the mortgages filed after the passage of the act. The greater necessarily includes the less. There can be no good reason why, so far as the policy of the law is concerned, that it should not apply to a mortgage already on file.

The plaintiff, however, contends that the legislature had no power to so lengthen the life of a mortgage then executed and on file, because so to do would work an impairment of the obligation contracts. And he argues that as the law is a part of all contracts, that the creditors were parties to the original contract in relation to this mortgage.

But we search in vain to find in what manner creditors sustain a contractual relation to this mortgage. For their benefit, and by grace of legislative enactment they may have an interest in the property, if the mortgage holder does not comply with the conditions attached by the law permitting the existence of such mortgage. The law in existence at the time the required condition is to be exercised certainly is the law that should govern.

It is also contended that the amended act if applied to mort-

Franklin County.

gages that had already been filed would be retroactive, and, therefore, it could not be so applied.

But this law has nothing to do with the execution of the mortgage or its filing. These matters are provided for by other sections. It only applies to the time of refiling. In this case the time for refiling had not yet occurred. It was an event to occur in the future upon which the law was to or could act. It did not give life to something that was long since dead or place new conditions or restrictions upon a past transaction. It was prospective and not retroactive in its effect and operation.

It is also claimed that if allowed to apply to the mortgage it would be an impairment of vested rights.

As indicated before, we do not see how it could so act. These creditors had no vested right in or to the property covered by this mortgage. They did not even have a judgment until long after the mortgage was given. At most, their interest was remote and speculative, and until the mortgage was satisfied they had nothing or could claim nothing.

It is clear from the act itself that it was intended to supplant the act which it repealed, and that every chattel mortgage then on file, or thereafter filed, must be refiled within thirty days from the expiration of three years from the time of its original filing, or it would thereafter be void as to *bona fide* creditors.

We find no error in the judgment of the court below and the same will therefore be affirmed.

**Dustin** and **Allread, JJ.,** concur.