The STATE of Ohio

v.

MUQDADY.

Cleveland Municipal Court, Ohio,
Cuyahoga County.

No. 95 CRB 013850.

Decided Dec. 5, 2000.

52

*Lauren C. Moore,* Chief Prosecutor, and *Gina M. Villa,* Assistant City Prosecutor, for the state of Ohio.

*Paul V. Wolf,* for defendant.

---

RONALD B. ADRINE, Judge.

On April 20, 2000, the defendant, Aymen Muqdady, made application to this court to seal the record of his 1995 conviction of domestic violence, a violation of R.C. 2919.25, pursuant to the provisions of R.C. 2953.32 *et seq.* That section of the Revised Code provides that a court may seal the record of an offender's conviction if the court finds:

(1) The applicant is a first offender.

(2) There are no other criminal proceedings pending against the applicant.

(3) The applicant has been rehabilitated to the satisfaction of the court.

(4) The prosecution has filed no objection to the application, or that, after due consideration, the prosecution's objections to the application are not well taken.

(5) After weighing the interest of the applicant in having the record sealed against the legitimate needs, if any, of the government to maintain those records, the interests of the applicant are not outweighed.

(6) The records of the conviction in question are not subject to one of the specific exclusions provided for in the section.

The defendant submits that this case and his conduct subsequent to this conviction meet the criteria set forth in the statute.

Upon review, the court agrees that the defendant meets the first five criteria set forth above. Therefore, only a determination by the court that the conviction under scrutiny is one that is specifically excluded by the statute would prevent the granting of the motion.

On December 22, 1999, the Governor signed into law the provisions of Am.Sub.S.B. No. 13, modifying the provisions of R.C. 2953.32 *et seq.* Among other things, that bill enacted R.C. 2953.36(C), specifically prohibiting the courts from sealing the records of any first offender convicted of "an offense of violence when the offense is a misdemeanor of the first degree." This amendment took effect on March 23, 2000.

The definition for each crime that the law considers an "offense of violence" is found in R.C. 2901.01(A)(9)(a), (b), (c), and (d). The record of the instant case indicates that the defendant herein was convicted of an offense found listed in R.C. 2901.01(A)(9)(a), to wit: domestic violence in violation of R.C. 2919.25. Therefore, by operation of the amendment to R.C. 2953.36, this court appears to be without authority to grant to the defendant the relief sought.

■ The defendant argues, however, that the provisions of R.C. 2953.32 *et seq.*, as they existed *prior* to the amendments found in Am.Sub.S.B. No. 13, apply to his current situation. He reasons that all of the pertinent events, save one (to wit: the filing of his application for relief), in this case occurred prior to the enactment of the aforementioned legislation.

More specifically, he argues that his conviction herein, his successful completion of his term of probation and all of its terms, as well as his final release from court supervision all occurred prior to the enactment of Am.Sub.S.B. No. 13. Thus, he argues, it is inappropriate and unfair to apply the bill's "offense of violence" provisions to him, retroactively, simply because his application for the benefits provided by R.C. 2953.32 *et seq.*, as it existed before March 23, 2000, took place after the Governor signed Am.Sub.S.B. 13 into law.

In essence, the defendant's argument raises the question of whether Am.Sub. S.B. No. 13's prohibition against sealing the records of those convicted of violent first degree misdemeanors is an *ex post facto* law. In other words, it is his position that the application of Am.Sub.S.B. No. 13 to his situation imposes punishment for conduct that took place before the law was enacted.

■ Section 10, Article I of the United States Constitution prohibits the states from passing any *ex post facto* laws. In order to render a statute *ex post facto,* the statute must be one that imposes punishment for an act that was not punishable when it was committed, or imposes additional punishment or alters the situation of the accused to his disadvantage. See Black's Law Dictionary (4 Ed.Rev.1968) 662.

Ohio's Constitution also frowns upon what it refers to as "retroactive laws," the definition of which includes *ex post facto* laws. Section 28, Article II, Ohio Constitution. See, also, Black's Law Dictionary, at 1480.

■ The court in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, 496, spoke directly to the issue:

" 'Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective or retroactive.' *Cincinnati v. Seasongood* (1889), 46 Ohio St. 296, 303, 21 N.E. 630, 633, citing *Society for the Propagation of the Gospel v. Wheeler* [ (1814), 22 F.Cas. 756 (No. 13,156) ] at 767." (Footnote omitted.)

■ Ohio's constitutional prohibition against retroactive laws was designed to protect "vested rights." 17 Ohio Jurisprudence 3d (1980) 54, Constitutional Law, Section 535. "To be vested in [a] legal sense, a right must be complete and consummated, and one of which a person to whom it belongs cannot be divested without his consent." *Id.*, citing *Scamman v. Scamman* (C.P.1950), 56 Ohio Law Abs. 272, 90 N.E.2d 617. A vested right is one which it is proper for the state to recognize and protect, and which an individual cannot be deprived of arbitrarily without injustice. 17 Ohio Jurisprudence, *supra*, citing *State ex rel Hanrahan v. Zupnik* (C.P.1952), 64 Ohio Law Abs. 463, 51 O.O. 405, 111 N.E.2d 42, affirmed (1953), 95 Ohio App. 367, 53 O.O. 381, 111 N.E.2d 405, affirmed (1954), 161 Ohio St. 43, 52 O.O. 481, 117 N.E.2d 689. "A right cannot be [considered] as vested in a constitutional sense unless it amounts to something more than a mere expectation of future benefit or interest founded upon an anticipated continuance of the existing general laws." 17 Ohio Jurisprudence, *supra*, citing *Harvey v. Ciocco* (1911), 14 Ohio C.C. (N.S.) 232, 22 Ohio C.D. 379, affirmed (1912), 87 Ohio St. 488, 102 N.E. 1125. "A vested right is substantially a property right." 17 Ohio Jurisprudence, *supra*, citing *Scamman v. Scamman, supra.*

The standard analysis for questions involving retroactive laws was provided by the Supreme Court in *Van Fossen v. Babcock & Wilcox Co., supra.* Ordinarily, before engaging in an analysis of whether a particular law might pass constitutional muster, it must first be inquired whether the General Assembly intended the law to have a retroactive effect. "Upon its face, R.C. 1.48 establishes a threshold analysis which must be utilized prior to inquiry under Section 28, Article II of the Ohio Constitution." *Van Fossen*, at paragraph one of the syllabus. " 'A statute is presumed to be prospective in its operation unless expressly made retrospective.' " *Nationwide Ins. Co. v. Ohio Dept. of Transp.* (1990), 61 Ohio Misc.2d 761, 764, 584 N.E.2d 1370, 1372, quoting R.C. 1.48.

■ When this threshold analysis is applied to the facts of the case before this court, no language is found in the Act that expressly or impliedly provides for the retroactive application of Am.Sub.S.B. No. 13. Thus, the legislative intent can

only have been to apply the statute prospectively. *Van Fossen v. Babcock & Wilcox Co.*

However, clarification of the legislative intent is insufficient to resolve the core question presented to this court for resolution. The threshold analysis leaves unanswered the question whether prospective application of the amendments to R.C. 2953.32 *et seq.* to cases that arose prior to the effective date of the law, but which did not come before a court until afterward, has a retroactive effect. *Nationwide Ins. Co. v. Ohio Dept. of Transp.*, 61 Ohio Misc.2d at 764–765, 584 N.E.2d at 1372.

■ According to *Van Fossen*, a second rule, one of constitutional limitation, applies further to " 'include a prohibition against laws which commenced on the date of enactment and which operated in futuro, but which, in doing so, divested rights, particularly property rights, which had been vested anterior to the time of enactment of the laws.' Smead [The Rule Against Retroactive Legislation: A Basic Principle of Jurisprudence (1936), 20 Minn.L.Rev. 775] at 781–782." *Id.*, 36 Ohio St.3d at 105, 522 N.E.2d at 495.

■ The court in *Nationwide* made an astute observation:

"Of course, once confronted with the mandate that retroactive laws are forbidden, the immediate observation is that all laws of whatever kind operate to some extent upon those preexisting circumstances which necessitated the enactment. For the nature of legislation is that it creates change in that which was, and this is the very province of the legislature. It is only when a law operates, either by its terms or as applied, to destroy particular rights that it comes within the range of those retroactive enactments which are forbidden by the Ohio Constitution." *Id.*, 61 Ohio Misc.2d at 764, 584 N.E.2d at 1372.

■ "Upon this point it has long been established that a statute or an amendment thereto may have an operation on preexisting rights and liabilities yet not constitute a forbidden retroactive law." *Nationwide Ins. Co. v. Ohio Dept. of Transp.*, 61 Ohio Misc.2d at 766, 584 N.E.2d at 1373, citing *Greene Twp. Trustees v. Campbell* (1864), 16 Ohio St. 11, 16. It is particularly true in Ohio that the "legislative power of the state has complete control over the remedies which shall be afforded to parties in the courts of the state * * *." *Templeton v. Kraner* (1874), 24 Ohio St. 554, 563 and cases cited therein.

■ In *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 605–606, 60 O.O. 531, 534, 138 N.E.2d 660, 665, the court said:

" '[I]t is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it, that is, there is no right in a particular remedy. * * * A party has no vested right in the *forms of administering justice*

that precludes the Legislature from altering or modifying them and better adapting them to effect their end and objects. * * * ' " (Emphasis added.)

By reference to the "forms of administering justice," the court was referring to those provisions that relate to the " 'how, when and in what company such rights shall be determined.' " *Id.*, 165 Ohio St. at 606, 60 O.O. at 534–535, 138 N.E.2d at 665, fn. 5. "Thus, the General Assembly may amend a statute so as to effect changes in such forms, even if additional burdens are thereby imposed, yet not affect any vested rights." *Nationwide Ins. Co. v. Ohio Dept. of Transp.*, 61 Ohio Misc.2d at 766, 584 N.E.2d at 1373, citing *State ex rel. Michaels.*

The court in *Nationwide* noted that the "legislature has complete and ample power to alter or repeal existing laws or to enact new ones, and there is no right in an existing statute which precludes its change or repeal. *Sandusky City Bank v. Wilbor* (1857), 7 Ohio St. 481; *Peters v. McWilliams* (1880), 36 Ohio St. 155; *Beazell v. State* (1924), 111 Ohio St. 838, 146 N.E. 316; *State ex rel. Bouse v. Cickelli* (1956), 165 Ohio St. 191, 59 O.O. 261, 134 N.E.2d 834." *Id.*, 61 Ohio Misc.2d at 765, 584 N.E.2d at 1372. The *Nationwide* court also pointed out that "it is an established rule that the repeal or amendment of a statute will not destroy, affect, or impair rights vested or acquired under it. *Riddle v. Bryan* (1831), 5 Ohio 48; *Halderman v. Larrick* (1886), 44 Ohio St. 438, 8 N.E. 177; *Bartol v. Eckert* (1893), 50 Ohio St. 31, 33 N.E. 294." *Id.*, 61 Ohio Misc.2d at 765, 584 N.E.2d at 1372.

Applying the foregoing analysis to the case before the bench, this court concludes that Am.Sub.S.B. No. 13, as enacted, did not result in the creation of an *ex post facto* law. The defendant had no vested right in the process by which the state determines which first offenders are allowed to have the records of their convictions sealed. The legislature was constitutionally within its rights to change that process, even though, in so doing, it imposed an additional burden on the defendant that he now finds he is unable to meet.

Having found that the amendments to R.C. 2953.32 *et seq.*, though retroactive in their application to the defendant's situation, are not *ex post facto* enactments, the court finds that the defendant had no vested right to protect. The court further finds that it is specifically without authority to grant the defendant's petition to seal the record of his conviction in the above-captioned matter.

### Judgment Entry

Defendant's motion to seal the record is not well taken and is, therefore, denied.

*Motion denied.*