The State ex rel. Jordan, Appellant, *v.* Industrial
Commission of Ohio et al., Appellees.

[Cite as *State ex rel. Jordan v. Indus. Comm.*,
120 Ohio St.3d 412, 2008-Ohio-6137.]

(No. 2007–1901—Submitted September 30, 2008—Decided December 3, 2008.)

**Per Curiam.**

{¶ 1} This is a direct appeal by Karen S. Jordan, who asserts the right to continue to receive full payment for brand name drugs for an industrial injury she suffered in 1984. She asserts that she has been prescribed many different medications since her claim was allowed and has always taken brand name medication, which was paid in full until Ohio Adm.Code 4123–6–21(I) took effect. She argues that appellee Industrial Commission of Ohio has applied this administrative rule retroactively to deprive her of the right to full payment. The commission denied the existence of such a right. Jordan then filed a petition for a writ of mandamus compelling the commission to vacate its order denying her request for brand name medication. The court of appeals denied the writ. *State ex rel. Jordan v. Indus. Comm.*, Franklin App. No. 06AP–908, 2007-Ohio-5157, 2007 WL 2812987. We affirm that judgment.

{¶ 2} The Ohio Bureau of Workers' Compensation was ordered to create and administer a healthcare partnership program to "provide medical, surgical, nursing, drug, hospital, and rehabilitation services and supplies" to injured workers when R.C. 4121.441 was enacted in 1993. Former R.C. 4121.441(A), Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 2990, 3092. Among other things, the partnership was to incorporate "[a]ppropriate financial incentives to reduce service cost and insure proper system utilization without sacrificing the quality of service." Former R.C. 4121.441(B)(4).

{¶ 3} In 1997, an administrative rule, Ohio Adm.Code 4123–6–21, former section (E), authorized the bureau to establish a "maximum allowable cost * * * for medications which are pharmaceutically and therapeutically equivalent." 1996–1997 Ohio Monthly Record 1380. The practical effect was that the "maximum allowable cost" would henceforth correspond to the price of the generic equivalent if one existed.

{¶ 4} There was, however, one exception. 4123–6–21(F) provided:

{¶ 5} "Claimants who request a brand name drug or whose physician specifies a brand name drug designated by 'dispense as written' on the prescription for a medication which has an applicable maximum allowable cost price shall be liable for the product cost difference between the established maximum allowable cost price of the drug product and the average wholesale price plus or minus the bureau established percentage of the dispensed brand name drug, *if prior authorization for the brand name drug is not obtained by the prescriber.*" (Emphasis added.) 1996–1997 Ohio Monthly Record 1381.

{¶ 6} The italicized language was removed from the provision by amendments to the Administrative Code that took effect in October 2005. Renumbered Ohio Adm.Code 4123–6–21(I), the amendment left intact the balance of the earlier provision. The removal of the "prior authorization" clause meant that without exception, the bureau would no longer cover the full price of a brand name prescription when there was a generic substitute.

{¶ 7} Jordan argues that appellee has deprived her of the right to full payment by applying the administrative rule retroactively.

{¶ 8} Common to every allegation of unlawful retroactivity is a claim that a right is being abridged. But as we observed in *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 357, 721 N.E.2d 28, "not just any asserted 'right' will suffice." It must be a "vested right," because a retroactive law is defined as one that " 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.' " *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, quoting *Cincinnati v. Seasongood* (1889), 46 Ohio St. 296, 303, 21 N.E. 630.

{¶ 9} A "vested right" can "be created by common law or statute and is generally understood to be the power to lawfully do certain actions or possess certain things; in essence, it is a property right." *Washington Cty. Taxpayers Assn. v. Peppel* (1992), 78 Ohio App.3d 146, 155, 604 N.E.2d 181. It has been described as a right "which it is proper for the state to recognize and protect, and which an individual cannot be deprived of arbitrarily without injustice." *State v. Muqdady* (2000), 110 Ohio Misc.2d 51, 55, 744 N.E.2d 278. A vested right is one that " 'so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent.' " *Harden v. Ohio Atty. Gen.*, 101 Ohio St.3d 137, 2004-Ohio-382, 802 N.E.2d 1112, ¶ 9, quoting Black's Law Dictionary (7th Ed.1999) 1324. A right also cannot be characterized as vested "unless it constitutes more than a 'mere expectation or interest based upon an anticipated continuance of existing laws.' " *Roberts v. Treasurer* (2001), 147 Ohio

App.3d 403, 411, 770 N.E.2d 1085, quoting *In re Emery* (1978), 59 Ohio App.2d 7, 11, 13 O.O.3d 44, 391 N.E.2d 746.

{¶ 10} Jordan maintains that she has a vested right to full payment for brand name drugs. It is impossible, however, to reconcile that assertion with the vested-right characteristics that were just articulated. Jordan's insistence, moreover, that we look at the law in effect on her date of injury does not advance her cause. R.C. 4123.54, which authorizes compensation for occupational injuries, disease, and death, has consistently given claimants the right to treatment for their allowed conditions. It has never given them the right to dictate the terms of that treatment or the conditions of payment. R.C. 4123.66 has always given that right to the administrative agency.

{¶ 11} Jordan argues that nothing in the Revised Code or the Administrative Code in effect in 1984 prohibited full reimbursement. It is equally true, however, that these codes did not mandate full payment. The right to make these types of financial decisions has always resided with the administrative agency.

{¶ 12} Jordan is not helped by former Ohio Adm.Code 4123–6–21(F), 1996–1997 Ohio Monthly Record 1381. Effective from 1997 to 2005, the provision limited brand name reimbursement to the price of the generic equivalent unless the commission had authorized coverage of a brand name medication. Jordan proposes that this requirement was satisfied by an August 18, 2005 staff hearing officer order that "specifically authorize[d] the following medications, pursuant to Bureau of Workers' Compensation rules and regulation: Roxicodone; Soma; Sinequan; Klonopin; Lidoderm; Buspar."

{¶ 13} Jordan's assertion that this order established that she had a vested right to brand name medications is unpersuasive. The order prefaced its authorization as "pursuant to Bureau of Workers' Compensation rules and regulation," and those rules and regulations later changed. As noted earlier, a vested right entails "more than a mere expectation of future benefit or interest founded upon an anticipated continuance of existing laws," in this case, former Ohio Adm.Code 4123–6–21(F). *Roberts,* 147 Ohio App.3d at 411, 770 N.E.2d 1085.

{¶ 14} The court of appeals correctly held that Jordan has no vested right to full payment for brand name medication. Without such a right, there can be no credible claim of impermissible retroactivity. The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

Heinzerling, Goodman & Reinhard, L.L.C., and Jonathan H. Goodman, for appellant.

Nancy Hardin Rogers, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee.