OPINION
{¶ 1} Relators, Michael B. Ganson ("relator") and Michael B. Ganson Co., L.P.A., filed this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying him payment for home exercise equipment, and to enter an order granting payment. *Page 2 
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, which includes findings of fact and conclusions of law and is appended to this opinion, recommending that this court deny the requested writ. Specifically, the magistrate found that the commission did not abuse its discretion by relying upon a 2005 policy to deny payment for home exercise equipment, even though relator's injury occurred in 2004. No objections to that decision have been filed.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Writ of mandamus denied.
McGRATH and CONNOR, JJ., concur. *Page 3 
 APPENDIX MAGISTRATE'S DECISION Rendered December 29, 2008 {¶ 4} In this original action, relators Michael B. Ganson ("relator") and Michael B. Ganson Co., L.P.A. request a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying him payment *Page 4 
for home exercise equipment known as an Apollo Universal Weight Machine, and to enter an order granting payment.
Findings of Fact: {¶ 5} 1. On October 13, 2004, relator sustained an industrial injury. This state-fund claim (No. 04-866468) is allowed for:
 Sprain of neck; sprain thoracic region; sprain lumbar region; sprain left shoulder; herniated cervical discs at C3-4, C4-5, C5-6, C6-7; cervical radiculitis; concussion without loss of consciousness; mild carpal tunnel syndrome, left wrist; aggravation of pre-existing degenerative disc disease of the cervical spine; somatic dysfunction low back; chronic low back dysfunction.
 {¶ 6} 2. In a "progress note" dated June 27, 2007, relator's physical therapist made the following recommendation:
 Recommend home Apollo unit or gym membership, flexibelt and gymball for home [exercise] program, lumbar air pillow for support at work.
 {¶ 7} 3. On a prescription form dated November 12, 2007, treating physician William D. Tobler, M.D., wrote: "Universal weight machine. Balance Ball."
 {¶ 8} 4. On January 31, 2008, relator moved for payment of: (1) an Apollo Universal Weight Machine; (2) lumbar support air pillow; (3) an exercise and balance gym ball; and (4) a flexibelt.
 {¶ 9} In support of his motion, relator submitted his physical therapist's June 27, 2007 "progress note" and Dr. Tobler's "prescription."
 {¶ 10} 5. Relator also submitted an invoice "proposal" for the Apollo Universal Weight Machine showing the price to be $1,199, a delivery charge of $50 and an *Page 5 
installation charge of $50. Including sales tax, placement of the machine in relator's home would cost $1,383.44.
 {¶ 11} 6. On March 17, 2008, a district hearing officer ("DHO") heard relator's motion. At the hearing, relator submitted a three-page memorandum in support of his motion. Relator attached to his memorandum a two-page document captioned "CareWorks Medical Treatment Guidelines." That document states:
 Effective 5-1-05, MCOs May Not Approve Unsupervised Reconditioning Programs for Injured Workers who are Not in a Rehab or RAW Plan.
 Personal Trainers are Not a Covered Service.
 Description:
 If approved in a Rehab or RAW plan the following supplies:
 • Services may be reimbursed for claims where it is determined to be medically appropriate, necessary, and related to the allowed conditions in the claim.
 • The request must be accompanied by an evaluation and report from the attending physician and licensed physical therapist demonstrating medical necessity for swimming or exercise in YMCA/YWCA, clubs, gyms, nautilus, spas, etc.
 The need of special equipment and exercises to a specific part of the body allowed in the claim must be prescribed by the physician of record.
 • Duration of membership will be authorized for reimbursement for no more than three (3) months and up to $200 per program.
 • Unsupervised physical reconditioning may be provided at a health club, YMCA, spa, or nautilus facility. Does not include supervision by a licensed physical therapist. *Page 6 
 • These sessions are under the injured worker's physician's direction and responsibility.
 • The attending physician shall submit a detailed report at the end of the 3-month membership period.
 • An integral part of the membership at any of the above-mentioned facilities is documentation of the injured worker's attendance record and the amount of participation in the program.
 • If the services is [sic] being provided as part of an approved rehab plan, the service must be terminated at the end of the plan in which is [sic] appears, or at the vocational rehabilitation case closer, whichever comes first.
 {¶ 12} 7. Also attached to relator's memorandum filed March 17, 2008 is a one-page document captioned "Equipment used for a non-medical purpose." Thereunder, the document states:
 Home exercise equipment, such as treadmills and exercise bikes, are not considered to be durable medical equipment and shall not be authorized or paid by for BWC/MCO, except when the criteria has been met for an [injured worker] who is participating in a vocational rehab program.
 {¶ 13} 8. At oral argument, relator informed the magistrate that the above-described documents attached to his March 17, 2008 memorandum were obtained by relator from his Managed Care Organization ("MCO").
 {¶ 14} 9. Following the March 17, 2008 hearing, the DHO issued an order denying payment for the Apollo Universal Weight Machine, but allowing payment for the other items requested. The DHO's order explains:
 The District Hearing Officer finds that the injured worker's request for a lumbar support air pillow, an exercise and balance gym ball and flexibelt are medically necessary and appropriate for treatment of the allowed conditions in the claim. Therefore the request for the lumbar support air *Page 7 
pillow, exercise and balance gym ball and flexibelt are authorized to be paid for under this claim.
 This finding is based upon the request by Dr. Tobler and the office notes of physical therapist.
 The District Hearing Officer finds that the injured worker's request for a home Apollo universe weight machine is denied. The District Hearing Officer finds that effective 05/01/2005 a request for an unsupervised reconditioning program for an injured worker is not to be approved when the injured worker is not in a rehabilitation plan. The District Hearing Officer finds that this request for the home exercise equipment should not be reimbursed or paid for by the Bureau of Workers' Compensation except where the criteria has been met for an injured worker who is participating in a vocational rehabilitation program. The District Hearing Officer finds that the injured worker is not participating in a vocational rehabilitation program. The District Hearing Officer finds that this policy effective 05/01/2005 is applicable to this claim. The District Hearing Officer denies the request for the home Apollo universal weight machine which cost $1,199.00 the delivery charge of $50.00 and the installation charge of $50.00. The District Hearing Officer finds that the cost of this home Apollo universal weight program together with the delivery charge and installation charge is not to be reimbursed by the Bureau of Workers' Compensation. The District Hearing Officer finds that this request is not appropriate under the Bureau of Workers' Compensation rules and guidelines.
 {¶ 15} 10. Relator administratively appealed the DHO's order of March 17, 2008.
 {¶ 16} 11. Following an April 30, 2008 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO's order. The SHO's order explains:
 The District Hearing Officer order, dated 03/17/2008, is affirmed with additional reasoning.
 The injured worker's C-86 motion, filed 01/31/2008, is granted in part and denied in
part. *Page 8 
 That portion of the injured worker's motion requesting authorization of a lumbar support air pillow, an exercise and balance gym ball and a flexibelt is granted.
 The Staff Hearing Officer finds that the use of these pieces of equipment is appropriate and necessary for treatment of the allowed conditions based on the physical therapy note dated 06/27/2007. Further, the Staff Hearing Officer finds that the use of the these pieces of equipment falls within the care works medical treatment guidelines on file.
 Therefore, the injured worker's motion requesting authorization for a lumbar support air pillow, an exercise and balance gym ball and a flexibelt is granted.
 That portion of the injured worker's motion requesting that the Bureau of Workers' Compensation pay for an Apollo Universal weight machine, installation and delivery included, is denied.
 The Staff Hearing Officer finds that requested equipment does not fall within the care works medical treatment guidelines on file. Specifically, the care works medical treatment guidelines specify that home exercise equipment such as an Apollo weight machine should not be authorized when the injured worker is not involved in a rehabilitation plan.
 Therefore, that portion of the injured worker's motion requesting authorization for the purchase of an Apollo universal weight machine, a delivery charge and an installation charge, is denied.
 All evidence on file was reviewed.
 This order is based on the physical therapy note dated 06/27/2007 and the care works medical treatment guidelines on file.
 {¶ 17} 12. On May 20, 2008, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of April 30, 2008. *Page 9 
 {¶ 18} 13. On June 13, 2008, relators Michael B. Ganson and Michael B. Ganson Co., L.P.A. filed this original action.
Conclusions of Law: {¶ 19} It is the magistrate's decision that this court deny the relators' request for a writ of mandamus, as more fully explained below.
 {¶ 20} At the request of the magistrate, the parties submitted several versions of the "MCO Policy Reference Guide" ("guide") published by the Ohio Bureau of Workers' Compensation ("bureau"). In August 2004 (prior to the injury date) and January 2005 (after the injury date) the guide provided:
 Exercise Equipment (W0695)
 Exercise equipment is for the sole purpose of maintaining the injured worker's physical conditioning for rehabilitation plan participation when access to an exercise facility isn't available. The physician of record must recommend the equipment. BWC provides reimbursement for this service on an individual basis as determined by need.
(Emphasis omitted.)
 {¶ 21} In an April 2005 "update" to the guide, the following language appears at page 3-72:
 UNSUPERVISED PHYSICAL RECONDITIIONING PROGRAM
 Effective 05/01/2005, BWC/MCOs shall not approve reimbursement for an unsupervised physical reconditioning program, such as services that are provided at a health club, YMCA, spa or nautilus facility, or home exercise equipment unless it is approved per the specific guidelines when an *Page 10 
[injured worker] is participating in a vocational rehabilitation or remain at work program.
(Emphasis omitted.)
 {¶ 22} In the same April 2005 "update" to the guide, the following language appears at pages 4-45:
 Effective 05/01/2005, BWC/MCOs shall not approve reimbursement for an unsupervised physical reconditioning program, such as services that are provided at a health club, YMCA, spa or nautilus facility, or home exercise equipment unless it is approved per the specific guidelines when an injured worker is participating in a vocational rehabilitation or remain at work program.
(Emphasis omitted.)
 {¶ 23} In an August 2005 "update," the following provision first appeared at page 3-77 to 3-78:
 DURABLE MEDICAL EQUIPMENT
 Durable medical equipment is defined as equipment which:
 • Can withstand repeated use; i.e., could normally be rented and used by successive patients;
 • Is primarily and customarily used to serve a medical purpose;
 • Generally is not useful to a person in the absence of illness or injury; and
 • Is appropriate for use in a patient's home.
 * * *
 Equipment which is primarily and customarily used for a non-medical purpose does not qualify as durable medical equipment and will not be reimbursed by BWC. Some examples include:
 * * * *Page 11 
 • Home exercise equipment, such as treadmills and exercise bikes, are not considered to be durable medical equipment and shall not be authorized or paid by for BWC/MCO, except when the criteria has been met for an [injured worker] who is participating in a vocational rehab program.
(Emphasis omitted.)
 {¶ 24} Apparently, the parties agree that the above-quoted provisions of the August 2005 "update" were relied upon by the SHO to deny payment for the Apollo Universal Weight Machine even though the SHO's order of April 30, 2008 states reliance upon the "care works medical treatment guidelines on file." That is, in the supplemental stipulation of evidence filed November 21, 2008 in this action, the parties state that the August 2005 "update" shows the "first appearance of the policy at issue here, under Durable Medical Equipment." Id. at 2.
 {¶ 25} Thus, the relied upon provisions of the August 2005 "update" of the guide were not in effect on October 13, 2004, the date of relator's industrial injury.
 {¶ 26} Given that the provisions of the August 2005 "update" were not in effect on the date of injury, relator claims that it was unlawful for the commission to apply the August 2005 "update" to deny his motion in his industrial claim.
 {¶ 27} In support of his proposition, relator invokes the following summary of law appearing in Wargetz v. Villa Sancta Anna Home, for theAged (Mar. 17, 1983), Cuyahoga App. No. 44613:
 * * * [T]he statutes in effect at the time an injury is sustained determine substantive rights under the workers' compensation laws, Emmons v. Keller (1970), 21 Ohio St. 2d 48, 54; Industrial Commission v. Kamrath (1928), *Page 12 118 Ohio St. 1, 7; Gregory v. Flowers (1972), 32 Ohio St. 2d 48, 58 (a statutory right to apply for modification of workers compensation award accrues at time of claimant's injury); State ex rel. Frank v. Keller (1965), 3 Ohio App. 2d 428, 430 (the maximum amount of compensation to which a claimant is entitled is a substantive right and is governed by the statutory law in effect on the date of injury). And the workers' compensation statute of limitations cannot constitutionally operate retroactively to destroy an accrued substantive provision. Gregory v. Flowers, supra, at 58-59. * * *
 {¶ 28} The cases cited by relator do not support relator's proposition that the August 2005 "update," presenting a published bureau policy, cannot be applied to an industrial claim arising prior to the publication or effective date of the new policy.
 {¶ 29} Here, respondent cites to the Supreme Court of Ohio caseState ex rel. Jordan v. Indus. Comm., (Dec. 3, 2008), 2008-Ohio-6137, a case demonstrating the flaw in relator's position.
 {¶ 30} At issue in the Jordan case was an October 2005 amendment to the Ohio Administrative Code that meant, without exception, the bureau would no longer cover the full price of a brand name prescription when there was a generic substitute.
 {¶ 31} Karen Jordan contended that the retroactive application of the October 2005 amendment to her industrial claim arising from a 1984 injury was unlawful. The Jordan court summarized the applicable law:
 Common to every allegation of unlawful retroactivity is a claim that a right is being abridged. But as we observed in Bielat v. Bielat (2000), 87 Ohio St.3d 350, 357, 721 N.E.2d 28, "not just any asserted `right' will suffice." It must be a "vested right," because a retroactive law is defined as one that "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions *Page 13 
or considerations already past." Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, quoting Cincinnati v. Seasongood (1889), 46 Ohio St. 296, 303, 21 N.E. 630.
 A "vested right" can "be created by common law or statute and is generally understood to be the power to lawfully do certain actions or possess certain things; in essence, it is a property right." Washington Cty. Taxpayers Assn. v. Peppel (1992), 78 Ohio App.3d 146, 155, 604 N.E.2d 181. It has been described as a right "which it is proper for the state to recognize and protect, and which an individual cannot be deprived of arbitrarily without injustice." State v. Muqdady (2000), 110 Ohio Misc.2d 51, 55, 744 N.E.2d 278. A vested right is one that "`so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent.'" Harden v. Ohio Atty. Gen., 101 Ohio St.3d 137, 2004-Ohio-382, 802 N.E.2d 1112, ¶ 9, quoting Black's Law Dictionary (7th Ed. 1999) 1324. A right also cannot be characterized as "vested" "unless it constitutes more than a `mere expectation or interest based upon an anticipated continuance of existing laws.'" Roberts v. Treasurer (2001), 147 Ohio App.3d 403, 411, 770 N.E.2d 1085, quoting In re Emery (1978), 59 Ohio App.2d 7, 11, 13 O.O.3d 44, 391 N.E.2d 746.
Id. at ¶ 8-9.
 {¶ 32} The Jordan court observed that the statutes in effect on claimant's date of injury did not advance her cause. R.C. 4123.54 has consistently given claimants the right to treatment for the allowed conditions, but has never given them the right to dictate the terms of that treatment or the condition of payment. R.C. 4123.66 has always given that right to the administrative agency.
 {¶ 33} Jordan argued that nothing in the Ohio Revised Code or Ohio Administrative Codes in effect in 1984 prohibited reimbursement. The court noted that it is equally true that these codes did not mandate full reimbursement. *Page 14 
 {¶ 34} Here, relator makes an assertion similar to the one made by Jordan in her case. Relator asserts that the bureau policy in effect on the date of his injury created a "substantive right" in his industrial claim that cannot be altered by subsequent rule or policy. Relator is incorrect.
 {¶ 35} Clearly, the bureau policy in effect on relator's injury date did not create a vested right to the continued reliance upon the policy during the life of the industrial claim, as relator asserts here. It is the statutes in effect on the date of injury that determine the rights that have vested in the claim.
 {¶ 36} The magistrate notes that respondent has not disclosed in this action by what statutory authority the bureau has published its "guide."
 {¶ 37} R.C. 4121.441 states in part:
 (A) The administrator of workers' compensation, with the advice and consent of the workers' compensation oversight commission, shall adopt rules under Chapter 119. of the Revised Code for the health care partnership program administered by the bureau of workers' compensation to provide medical, surgical, nursing, drug, hospital, and rehabilitation services and supplies to an employee for an injury or occupational disease that is compensable under this chapter or Chapter 4123., 4127., or 4131. of the Revised Code.
 The rules shall include, but are not limited to, the following:
 * * *
 (4) Appropriate financial incentives to reduce service cost and insure proper system utilization without sacrificing the quality of service[.] *Page 15 
 {¶ 38} Even if it can be said that the bureau's authority to publish "policy" such as contained in the guide arises from R.C. 4121.441, it is clear, nevertheless, that such publication cannot vest in the claimant a permanent reliance on any such published policy for the life of the claim. See State ex rel. Noble v. Indus. Comm., 174 Ohio App.3d 299,2007-Ohio-6497.
 {¶ 39} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny the relators' request for a writ of mandamus.
/s/ Kenneth W. Macke
KENNETH W. MACKE MAGISTRATE *Page 1