[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T.S. Trim Industries, Inc. v. Indus. Comm.*, Slip Opinion No. 2021-Ohio-2709.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2709

THE STATE EX REL. T.S. TRIM INDUSTRIES, INC., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. T.S. Trim Industries, Inc. v. Indus. Comm.*, Slip Opinion No. 2021-Ohio-2709.]

*Workers' compensation—Application of Bureau of Workers' Compensation formulary guidelines under Ohio Adm.Code 4123-6-21.3 and application of Ohio Adm.Code 4123-6-21.7 to a self-insuring employer's termination of payment for narcotic and muscle-relaxant prescriptions for allowed conditions pursuant to Ohio Adm.Code 4123-6-21.1(I)(4)—Court of appeals' judgment granting limited writ vacated—Writ granted in part.*

(No. 2019-1490—Submitted May 11, 2021—Decided August 11, 2021.)

APPEAL from the Court of Appeals for Franklin County, No. 17AP-448.

_____

**Per Curiam.**

{¶ 1} Appellee T.S. Trim Industries, Inc., a self-insuring employer for workers' compensation purposes, informed appellee and injured worker Robert Batina that it would no longer pay for two drugs prescribed in connection with Batina's work injuries. Batina filed a motion asking appellant, the Industrial Commission of Ohio, to order T.S. Trim to continue paying for his prescriptions. The commission granted the motion and denied T.S. Trim's request for reconsideration. T.S. Trim petitioned the Tenth District Court of Appeals for a writ of mandamus directing the commission to vacate its order and deny continued reimbursement for the drugs. The Tenth District granted a limited writ, ordering the commission to identify the reasons for its denial of reconsideration. The commission has appealed that judgment.

{¶ 2} We vacate the Tenth District's judgment, and we deny the writ in part and grant it in part. Specifically, we order the commission to reconsider Batina's motion in light of Ohio Adm.Code 4123-6-21.3.

## I.FACTS AND PROCEDURAL HISTORY

{¶ 3} Batina suffered an injury while working for T.S. Trim in 2006. His workers' compensation claim was allowed for shoulder and back conditions. In the course of his treatment, Batina was prescribed Norco (an opioid pain reliever) and Skelaxin (a muscle relaxant). As a self-insuring employer, T.S. Trim paid for these prescription drugs. *See* Ohio Adm.Code 4123-6-21.1.

{¶ 4} In September 2016, T.S. Trim obtained a drug-utilization review by a physician, which is a prerequisite to the termination of payment for current drugs by a self-insuring employer. *See* Ohio Adm.Code 4123-6-21.1(I)(1). The physician reviewer's report stated:

Mr. Batina's history, medical record review, and physical exam fail to provide credible evidence to support the continued use of narcotics (Norco) and Skelaxin for the ongoing treatment of his

allowed conditions. Skelaxin is recommended for the acute and short term use of muscle relaxation. There is insufficient credible evidence to support the necessity of ongoing continued narcotics when considering Mr. Batina's history, medical record review, and physical exam.

**{¶ 5}** Based on the physician's review, T.S. Trim informed Batina that his use of Norco and Skelaxin would be tapered, after which T.S. Trim would no longer pay for those drugs. T.S. Trim stated that it was taking these actions in conformity with Ohio Adm.Code 4123-6-21.1(I)(4), which permits a self-insuring employer to terminate reimbursement for drugs "[w]hen the independent physician reviewer's report (and addendum, if applicable) indicates the drug treatment is not medically necessary or appropriate for treatment or in the control of symptoms associated with the allowed conditions in the claim."

**{¶ 6}** On September 15, 2016, Batina filed a motion pursuant to Ohio Adm.Code 4123-6-21.1(I)(5), in which he requested a hearing before the commission on T.S. Trim's decision to terminate reimbursement and deny authorization for his continued use of Norco and Skelaxin. After an October 31, 2016 hearing, a district hearing officer ("DHO") issued an order concluding that the medical evidence was insufficiently persuasive to support Batina's continued use of Norco but sufficient to support his continued use of Skelaxin. The DHO based the latter conclusion, in part, on the reviewing physician's failure to account for the symptoms that Batina might experience as a result of his allowed conditions once he had been weaned off the narcotic.

**{¶ 7}** On November 3, 2016, T.S. Trim appealed the DHO's decision for the following reason: "Order misquotes the physician being relied upon and improperly extends Skelaxin use." A staff hearing officer ("SHO") conducted a hearing on January 26, 2017. The SHO modified the DHO's order and granted

Batina's motion for continued authorization of both Norco and Skelaxin. The SHO based his decision, in part, on the treating physician's history of closely monitoring Batina's morphine-equivalent dosage of Norco to stay within Bureau of Workers' Compensation guidelines. The SHO concluded that both Norco and Skelaxin were "medically reasonable, necessary and appropriate" to treat Batina for the conditions allowed, and he authorized the continued use of both drugs.

{¶ 8} On February 1, 2017, T.S. Trim appealed the SHO's decision, stating that the order was "contrary to [the] evidence." The commission refused the appeal, and the SHO's order became final.

{¶ 9} On March 6, 2017, T.S. Trim filed a motion for reconsideration. T.S. Trim argued, among other things, that the SHO had committed an error of law by failing to apply Ohio Adm.Code 4123-6-21.7. That rule, which went into effect for all claims on January 1, 2017, imposes limits on the bureau's reimbursements for opioid prescriptions that are used to treat injured workers. T.S. Trim also argued that the SHO had failed to apply Ohio Adm.Code 4123-6-21.3, a rule that includes guidelines for the bureau's reimbursement for various drugs and classes of drugs, including Skelaxin and other muscle relaxants. T.S. Trim argued that the SHO should have denied continued reimbursement for both Norco and Skelaxin under these rules.

{¶ 10} The commission denied T.S. Trim's request for reconsideration, stating that the request failed to meet the criteria in Industrial Commission Resolution No. R08-1-01, i.e., that T.S. Trim had failed to establish the existence of new and changed circumstances, fraud, a clear mistake of law or fact, or an error rendering the SHO's order defective. *See* Industrial Commission Resolutions, Reconsiderations, No. R08-1-01 (Nov. 1, 2008), *available at* https://www.ic.ohio.gov/policies/resolutions_pdfs/r08_1_01.pdf (accessed June 11, 2021) [https://perma.cc/J8BM-VGY4].

{¶ 11} T.S. Trim filed a complaint in the Tenth District, seeking a writ of mandamus directing the commission to (1) vacate its January 31, 2017 order authorizing continued prescriptions of Norco and Skelaxin for Batina and (2) issue an order denying authorization for Batina's continued use of those drugs. The Tenth District magistrate recommended denying the writ because T.S. Trim had failed to timely assert the application of Ohio Adm.Code 4123-6-21.3 and 4123-6-21.7 administratively, having raised those arguments for the first time in its motion for reconsideration.

{¶ 12} However, the court sustained T.S. Trim's objections to the magistrate's recommendation and issued a limited writ of mandamus, directing the commission to explain why it denied T.S. Trim's motion for reconsideration and how its denial related to Ohio Adm.Code 4123-6-21.3 and 4123-6-21.7.

{¶ 13} The court observed that "the SHO's order states [that the treating physician] was monitoring Batina's morphine-equivalent dosage to stay within [the bureau's] guidelines, suggesting the guidelines for treatment with opioids under Ohio Adm.Code 4123-6-21.7 *may* have been addressed at the hearing before the SHO." (Emphasis sic.) *State ex rel. T.S. Trim Industries, Inc. v. Indus. Comm.*, 10th Dist. Franklin No. 17AP-448, ¶ 8 (Sept. 10, 2019). The court also concluded that "it is unclear from the commission order denying the request for reconsideration the reason for denial of reconsideration," and the court issued a writ directing the commission to explain the reason for its decision. *Id.* The commission appealed the Tenth District's judgment.

## II. ANALYSIS

### A. Mandamus Standard

{¶ 14} To be entitled to a writ of mandamus, T.S. Trim must establish "a clear legal right to the relief requested, a clear legal duty on the part of the commission * * * to provide the relief, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Baker v. Indus. Comm.*, 143 Ohio St.3d

56, 2015-Ohio-1191, 34 N.E.3d 104, ¶ 12. Mandamus relief is appropriate if the commission abused its discretion. *State ex rel. Omni Manor, Inc. v. Indus. Comm.*, 162 Ohio St.3d 264, 2020-Ohio-4422, 165 N.E.3d 273, ¶ 9-10.

### B. Arguments

**{¶ 15}** T.S. Trim argues that the commission abused its discretion and acted contrary to law by failing to apply Ohio Adm.Code 4123-6-21.3 and 4123-6-21.7 to Batina's motion. It asserts that under those rules, the SHO should have denied continued reimbursement for both Norco and Skelaxin.

**{¶ 16}** The commission's merit brief focuses primarily on whether T.S. Trim raised the applicability of the two rules administratively. The commission also asserts that Ohio Adm.Code 4123-6-21.7 does not apply to this claim because that rule was not in effect at the time of the drug-utilization review, the preparation of the reports by the physician reviewer and the treating physician, the filing of Batina's motion, or the hearing before the DHO. Batina adopts the commission's arguments.

**{¶ 17}** In its reply brief, however, the commission admits that if the medical opinion on which the termination of reimbursement was based had been provided *after* the two rules became effective, then the commission should have applied those rules to Batina's motion. Specifically, the commission states:

> It should be made clear that the Commission has never claimed that the rules did not become effective on the dates that were listed. The Commission has never claimed that it did not have the responsibility to correctly apply the law or rules in effect. The Commission has simply argued that it was not appropriate to apply the "new" rules to this particular claim on January 26, 2017, because of the timing of the events. If Trims' * * * opinion from [the independent physician reviewer] had taken place after January 1,

> 2017, *and everything else occurred in the same course of events* had been after January 1, 2017, there would have been no question that the "new" rule(s) should have been applied.

(Emphasis added.) This statement is inconsistent with the commission's argument that T.S. Trim's failure to raise the rules' applicability during the administrative-hearing process prevented the commission from applying those rules. In light of the commission's acknowledgment, we next evaluate whether Ohio Adm.Code 4123-6-21.3 and 4123-6-21.7 apply to Batina's motion.

### C. *Ohio Adm.Code 4123-6-21.7 Does Not Apply to Batina's Motion*

{¶ 18} T.S. Trim terminated reimbursement for Batina's Norco and Skelaxin prescriptions under the applicable version of Ohio Adm.Code 4123-6-21.1(I)(4), which provides:

> When the independent physician reviewer's report (and addendum, if applicable) indicates the drug treatment is not medically necessary or appropriate for treatment or in the control of symptoms associated with the allowed conditions in the claim, the self-insuring employer may terminate reimbursement for the medications (by therapeutic drug class) *effective as of the date of receipt of the independent physician reviewer's report*, or addendum if one is obtained, or in the case that a drug is in a therapeutic class that requires a "weaning-off" period, such other date as agreed to by the prescribing physician and self-insuring employer.

(Emphasis added.) 2015-2016 Ohio Monthly Record 2-1808. In his report, dated September 3, 2016, the physician reviewer recommended a 60-day weaning period for Norco followed by a three-week weaning period for Skelaxin. On September

13, T.S. Trim informed Batina that he would be tapered off Norco "within 60 days" and then tapered off Skelaxin over a period of three weeks. It does not appear that T.S. Trim consulted with Batina's treating physician about the planned weaning from these drugs.

{¶ 19} The issue before the commission, therefore, was whether T.S. Trim properly terminated reimbursement for Norco and Skelaxin beginning in September 2016. *See* Ohio Adm.Code 4121-3-18(A) and (C) (referring to contested claims in cases involving self-insuring employers as "administrative appeals," i.e., appeals of the self-insuring employer's decision). The version of Ohio Adm.Code 4123-6-21.7 applicable to claims (like Batina's) with a date of injury before September 1, 2016, did not become effective until January 1, 2017. 2016-2017 Ohio Monthly Record 2-736. Therefore, that rule was not applicable to Batina's claim at the time T.S. Trim sought to terminate reimbursement of the Norco and Skelaxin prescriptions under Ohio Adm.Code 4123-6-21.1(I)(4). *See In re A.J.*, 148 Ohio St.3d 218, 2016-Ohio-8196, 69 N.E.3d 733, ¶ 19 (rules of statutory construction apply to regulations); R.C. 1.48 (statutes presumed prospective unless expressly retrospective). T.S. Trim has not established that the commission abused its discretion by failing to apply Ohio Adm.Code 4123-6-21.7 to Batina's motion.

### D. The Commission Must Reconsider Batina's Motion in Light of Ohio Adm.Code 4123-6-21.3

{¶ 20} Ohio Adm.Code 4123-6-21.3 and the drug formulary contained in its appendix were both in effect in September 2016. The commission asserts that the formulary was "updated" on January 1, 2017. However, the rule itself and the provisions of the formulary applicable to muscle relaxants, including Skelaxin, were substantively unchanged by that update. *Compare* former Ohio Adm.Code 4123-6-21.3, 2016-2017 Ohio Monthly Record 2-1527, effective January 1, 2017, *with* former Ohio Adm.Code 4123-6-21.3, 2015-2016 Ohio Monthly Record 2-

8

1809, effective December 1, 2015; *compare* former Ohio Adm.Code 4123-6-21.3 Appendix, effective January 1, 2017, *with* former Ohio Adm.Code 4123-6-21.3 Appendix, effective December 1, 2015.[1]

{¶ 21} Both versions of the formulary provide that Skelaxin (under its generic name, metaxalone) is covered only "after a 14 day trial of another covered skeletal muscle relaxant which resulted in a therapeutic failure or clinically documented drug specific side effects" and that coverage for skeletal muscle relaxants as a class is limited to 90 days, plus one additional 30-day prescription annually, with prior authorization, although an additional year of coverage may be possible with prior authorization in cases of spinal surgery or for adjunctive treatment of pain. *Compare* former Ohio Adm.Code 4123-6-21.3 Appendix, effective January 1, 2017, *with* former Ohio Adm.Code 4123-6-21.3 Appendix, effective December 1, 2015. (Ohio Adm.Code 4123-6-21.3(F) and (G) provide certain exceptions to the restrictions in the formulary; it is unclear from the record whether any of these exceptions apply to Batina's case.)

{¶ 22} The commission's acknowledgment that it must apply rules that were in effect at the time of the self-insuring employer's denial of Batina's drug reimbursement means that the commission should have considered Ohio Adm.Code 4123-6-21.3 in its determination of Batina's motion. Because there is no indication that the commission considered the application of Ohio Adm.Code 4123-6-21.3 in its review of Batina's motion (to the contrary, the commission's assertion that this rule does not apply in this case indicates that it did not do so), we

---

1. The Appendix to each of the former versions of Ohio Adm.Code 4123-6-21.3 is not published in the Ohio Monthly Record. However, each version of the Appendix is available through the Register of Ohio's website. *See* former Ohio Adm.Code 4123-6-21.3 Appendix, effective January 1, 2017, available at http://www.registerofohio.state.oh.us/pdfs/4123/0/6/4123-6- 21$3_PH_FF_ A_APP1_20161222_1023.pdf (accessed June 14, 2021) [https://perma.cc/2ZTS-Q7AN]; former Ohio Adm.Code 4123-6-21.3 Appendix, effective December 1, 2015, available at http://www.registerofohio.state.oh.us/pdfs/4123/0/6/4123-6-21$3_PH_FF_A_APP2_20151120 _0800.pdf (accessed June 14, 2021) [https://perma.cc/J2RC-AZAC].

grant the writ in part and order the commission to reconsider the motion in light of Ohio Adm.Code 4123-6-21.3. Accordingly, we vacate the Tenth District's judgment issuing a limited writ.

## III. CONCLUSION

{¶ 23} In light of the foregoing, we vacate the Tenth District's judgment, grant the writ of mandamus in part and order the commission to reconsider Batina's motion in light of Ohio Adm.Code 4123-6-21.3, and otherwise deny the writ.

Judgment vacated

and writ granted in part

and denied in part.

O'CONNOR, C.J., and FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in part and dissents in part, with an opinion joined by DEWINE, J.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 24} I agree that a writ of mandamus should issue and that appellant, the Industrial Commission, should be ordered to reconsider appellee Robert Batina's motion for continued payment of the prescribed drugs Norco and Skelaxin in light of Ohio Adm.Code 4123-6-21.3. But I dissent in part and would affirm the judgment of the Tenth District Court of Appeals because the commission should also be ordered to reconsider the motion in light of Ohio Adm.Code 4123-6-21.7.

{¶ 25} Article II, Section 28 of the Ohio Constitution, which prohibits the passage of retroactive laws, applies to substantive laws and does not apply to laws of a remedial nature. *Kilbreath v. Rudy*, 16 Ohio St.2d 70, 242 N.E.2d 658 (1968), paragraph one of the syllabus. A law is substantive if it "creates duties, rights and obligations." *Id.* at 72. In contrast, a "procedural or remedial law prescribes the methods of enforcement of rights or obtaining redress." *Id.* A remedial law is

"applicable to any proceedings conducted after the adoption of such laws." *State ex rel. Holdridge v. Indus. Comm.*, 11 Ohio St.2d 175, 228 N.E.2d 621 (1967), paragraph one of the syllabus.

{¶ 26} A claimant does not have a substantive right to treatment of his injury with a particular medication. *See State ex rel. Jordan v. Indus. Comm.*, 120 Ohio St.3d 412, 2008-Ohio-6137, 900 N.E.2d 150, ¶ 10. R.C. 4123.54 provides a claimant with the right to treatment for his allowed conditions, but it has never given the claimant the right to dictate the conditions of payment. *Id.* Rather, this right has always been given to the administrative agency. *Id.*, citing R.C. 4123.66.

{¶ 27} "Administrative regulations issued pursuant to statutory authority have the force and effect of law * * *." *State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers' Comp.*, 27 Ohio St.3d 25, 28, 500 N.E.2d 1370 (1986). And the commission is required to follow its rules as written. *State ex rel. Health Care Facilities, Inc. v. Ohio Bur. of Workers' Comp.*, 80 Ohio St.3d 642, 647, 687 N.E.2d 763 (1998).

{¶ 28} Ohio Adm.Code 4123-6-21.7 governs the Bureau of Workers' Compensation's reimbursement for opioid prescriptions that are used to treat a work-related injury or occupational disease. It is a remedial, not substantive, law and applies to any pending proceedings, beginning January 1, 2017.

{¶ 29} In this matter, the staff hearing officer ("SHO") conducted the hearing on Batina's motion for continued authorization of both Norco and Skelaxin on January 26, 2017, and considered a January 24, 2017 report from Batina's physician. In reviewing this matter, the SHO had a responsibility to apply Ohio Adm.Code 4123-6-21.7 and explain how the criteria it sets forth had been met.

{¶ 30} For this reason, I would affirm the judgment of the Tenth District and grant a writ of mandamus ordering the commission to reconsider Batina's motion in light of both Ohio Adm.Code 4123-6-21.3 and 4123-6-21.7.

{¶ 31} Therefore, I concur in part and dissent in part.

DeWine, J., concurs in the foregoing opinion.

_____

Vorys, Sater, Seymour & Pease, L.L.P., Rosemary D. Welsh, and Emily E. St. Cyr, for appellee T.S. Trim Industries, Inc.

Dave Yost, Attorney General, and Natalie J. Tackett, Assistant Attorney General, for appellant.

Barkan, Meizlish, DeRose, Wentz, McInerney & Peifer, L.L.P., and Samuel E. Marcellino III, for appellee Robert Batina.

_____